ROBINSON vs. WOODMANSEE et al.

The chancellor having appointed a receiver and directed that the defendant turn over to him the property in dispute, and a part of the fund having been diverted from the receiver's custody, and there being sufficient proof to show that the defendant participated in, if he did not contrive and direct, such misappropriation and aid in placing the fund beyond the reach of the court, it was the duty of the judge to prevent a trifling with or evasion of his authority, and an order that the defendant pay over the fund, or be committed to prison, was a mild use of the judge's discretion. Judgment affirmed.

March 23, 1886.

HALL, Justice.

[Woodmansee et al. filed their petition for an attachment against W. G. Robinson, Jr., and R. V. Robinson, alleging, in brief, as follows: Under a bill filed by the petitioners, a receiver was appointed to take charge of the effects of W. G. Robinson and the business lately conducted by him, and injunction was issued, restraining the defendants from interfering with the assets in the receiver's hands or from collecting any amounts on claims growing out of the business. This injunction was violated, and the defendants had proceeded to collect claims growing out of the business, but failed to pay them over to the receiver on demand. Attachment nisi was issued and served on W. G. Robinson; R. V. Robinson being absent from the state, was not served.

The respondent who was served answered, in brief, as follows: Before the filing of the bill, the respondent sold his business to his brother, and gave him authority to sign checks, drafts, etc. After the bill was filed, negotiations for a settlement were pending and apparently near consummation. Some checks, drafts, etc., came in during that time. Under advice of counsel, he turned over such as came into his hands to R. V. Robinson, to be held subject to be delivered to a receiver if one should be appointed. Respondent remembers endorsing only one of these drafts. R. V. Robinson generally received the mail and retained such checks, etc. Respondent has been fined $100 for making the endorsement stated. He states that some of the items alleged to have been collected were collected before the receiver was appointed; others have not been collected at all, and others this respondent has no knowledge about.

On the hearing, upon the petition, answer and certain affidavits, the court ordered the respondent to be imprisoned for twenty days, to be discharged upon payment of $82 to the receiver. The respondent excepted.]