CHARTERS, receiver, *v.* CANDLER.
THE FARMERS LOAN & TRUST CO. *et al. v.* CANDLER.

A contestant for a fund in court to whom the fund was delivered by the receiver after a judgment awarding it to such contestant had been rendered, the custodian undertaking to return it to the receiver in case the judgment should be reversed, may, after such reversal has taken place, be compelled by rule to make restitution of the same; and where both the receiver and the prevailing party to whom the fund was finally awarded move severally by separate

rules to enforce restitution, and there is no controversy upon the facts, it is error not to make one or the other of the rules absolute. The presiding judge should exercise his discretion as to which of the movants he will allow to represent the court in procuring a return of the fund. The contestant having been a party before the court when the fund was awarded to him, and the judgment being not absolutely final when he received it, is subject to its jurisdiction as fully as if he had possessed himself of the fund by direct appointment to receive and hold it subject to final disposition.

July 30, 1894.

Motion, etc. Before W. E. SIMMONS, judge *pro hac vice.* Hall superior court. January term, 1894.

In the case of the Merchants Bank *et al. v.* The Gainesville & Dahlonega Railroad Company *et al.*, a receiver was appointed, and a sale by him made of the property of the railroad company. The fund thereby produced was claimed by Candler upon an alleged railroad contractor's lien, and by the Farmers Loan & Trust Company upon a mortgage. The fund was awarded to Candler, which judgment was reversed by the Supreme Court. 87 *Ga.* 241. On November 7, 1890, after the bill of exceptions had been signed, Candler gave to the receiver an instrument as follows :

"$2,669.05. Received of W. A. Charters, the receiver in the case of the Merchants Bank *et al. v.* A. D. Candler *et al.*, the sum of $2,669.05, the amount allowed me by the decree of the court in said case upon the lien and *fi. fa.* against the Gainesville & Dahlonega R. R. Co., held by me. It is further understood and agreed, that said sum now paid shall not be placed as a credit upon said *fi. fa.* at present; for that, whereas the Farmers Loan & Trust Co., the trustee for the bondholders of said road, has filed its bill of exceptions from the decree and action of the court, and have carried said case to the Supreme Court for review: now, therefore, should said decree be reversed or said cause remanded for a rehearing, or if said decree should be altered in the Supreme Court, then I hereby agree and bind myself to refund said sum of $2,669.05 to said W. A.

Charters, receiver, or his successor, at the next term of Hall superior court after said case is heard and disposed of, to be disposed of by the court; to be without interest. But should said decree be affirmed, then said sum shall be placed as a credit upon said *fi. fa.*, and this shall be a receipt in full to said receiver under said decree. Nov. 7, 1890."

On July 27, 1891, the receiver made a written demand upon Candler for the return of the sum named, which demand was not complied with. At some time (the record does not show the date) after the judgment of the Supreme Court, before mentioned, was made the judgment of the superior court, Candler filed a petition alleging "that the money arising from the sale of said property is still in the hands of W. A. Charters, Esq., the receiver, and is therefore in the custody of the court undistributed, and petitioner has a special lien thereon which he is entitled to foreclose, and he is entitled to the said money on his said bill in preference to all other claims"; and praying, " that said receiver be required to hold said funds arising from said sale till this question of petitioner's lien and right to the funds is finally settled, and a further order of distribution is granted by the court." To this petition the receiver filed an answer, alleging that he " was made a party to said motion to reinstate," and that it is not true he has the actual custody of the money arising from the sale. He further alleges, that he turned over the sum named to Candler upon the written agreement before set out, and that Candler has refused on written demand to refund the same. Wherefore the receiver prays, that Candler be required to refund the money to him instanter, and that in default thereof he be held to be in contempt of the court; uniting with Candler in his prayer that the receiver be required to hold the fund until the right to the same is finally settled. This answer was filed on January 19, 1894, and the court granted a rule that Candler show cause why

the prayer of the receiver should not be granted. On the same day the receiver filed an amendment which was allowed, praying that, should the court decline to pass an order holding Candler in contempt for failing to turn over the money to the receiver, an order be granted adjudging said sum against Candler in the case of the Merchants Bank v. the Gainesville & Dahlonega Railroad Company, and ordering execution therefor to issue against him. The plaintiffs, together with the Farmers Loan & Trust Company, also filed their motion setting up the same facts, and making similar prayers to those of the receiver. To each of the motions Candler made an answer in the nature of a demurrer upon the grounds: (1) Such proceeding is not authorized by law. (2) No legal cause for granting the prayers is set forth. (3) The contract upon which it is alleged Candler holds the money, is a private contract between him and Charters, which the court has no jurisdiction to enforce upon this sort of proceeding. (4) Respondent is not an officer of the court and not a custodian of its fund, and therefore is not subject to rule. The court denied the prayers for relief against Candler, and passed an order that the sum in question be awarded to the Farmers Loan & Trust Company on the mortgage held by it, that the same be paid by the receiver to the bondholders, etc. Separate bills of exceptions were taken by the receiver and by the plaintiffs, assigning error upon the refusal to grant the orders prayed for as to Candler.

M. L. SMITH, H. H. PERRY and H. H. DEAN, for plaintiffs in error. J. B. ESTES, W. I. PIKE, PRIOR & THOMPSON and S. C. DUNLAP, contra.

LUMPKIN, Justice.

The facts are stated by the reporter. We have no doubt at all either as to the authority or duty of the court to compel the restoration by Candler of the fund

in his hands to the receiver, under the facts of this case. Petitions for this purpose having been filed both by Charters, the receiver, and the Farmers Loan & Trust Company, the party entitled to the fund, it was a matter of discretion with the presiding judge as to which of the movants he would allow to represent the court in procuring a restitution of the fund; but he certainly ought to have compelled restitution at the instance of either one or the other of these petitioners.

The former judgment awarding the money to Candler having been set aside, the fund was still subject to the jurisdiction of the court, and it makes no difference at all that the receiver had voluntarily paid it over to Candler, so far as the right and power of the court to control it was concerned. In view of the circumstances under which Candler received the fund, he was, in legal contemplation, neither more nor less than the custodian for the court, and took and held it subject to such final disposition as the court might order and direct. *Wikle, receiver,* v. *Silva et al.,* 70 *Ga.* 717, is directly in point. See, also, *Robinson* v. *Woodmansee et al.,* 76 *Ga.* 830.

As to the obligation of a party to the record, who has received the benefit of an erroneous judgment, to make restitution on the reversal of that judgment, see Bank of the United States *v.* Bank of Washington, 6 Pet. 7; and as to the power and duty of a court to compel the restoration of a fund lately in its registry, see Morris' Cotton, 8 Wall. 507; 12 Am. & Eng. Enc. of Law, p. 125. Really, the multiplication of authorities upon the question in hand is unnecessary. It is plain and free from doubt. The fund in controversy having been in a court exercising equitable jurisdiction, and having been withdrawn from the custody of that court by virtue of a judgment which was afterwards reversed, its equitable powers were properly invoked, and ought to have been exercised in compelling restoration.

*Judgment reversed.*