GERRET SCHIMMELPENNICK AND ADRIAN TOE LAER, TRADING UNDER THE FIRM OF R. AND J. R. VAN STAPHORST v. JOSIAH AND PHILIP TURNER.

The declaration contained two counts. The first, setting out the cause of action, stated " for that whereas the said defendants and co-partners, trading under the firm of Josiah Turner and Company in the lifetime of said William, on the 1st day of March 1821, were indebted to the plaintiffs, and being so indebted, &c." The second count was upon an insimul computassent, and began, " and also whereas the said defendants afterwards, to wit on the day and year aforesaid, accounted with the said plaintiffs of and concerning divers other sums of money due and owing from the said defendants," &c. The defendants, to maintain the issue on their parts, gave in evidence to the jury, that William Turner, the person mentioned in the declaration, died on the 6th of January 1819, that he was formerly a partner with Josiah and Philip Turner the defendants under the firm of Josiah Turner and Company; but that the partnership was dissolved in October 1817, and that the defendants formed a co-partnership in 1820. The defendants prayed the court to instruct the jury that there is a variance between the contract declared on, and the contract given in evidence; William Turner being dead. By the court: the only allegation in the second count in the declaration, from which it is argued that the contract declared upon was one including William Turner with Joseph and Philip, is, " that the *said defendants* accounted with the plaintiffs." But this does not warrant the conclusion drawn from it. The defendants were Josiah and Philip Turner;

[Schimmelpennick v. Turner.]

William Turner was not a defendant, and the terms, the *said defendants*, could not include him. There was no variance between the contract declared upon in the second count, and the contract proved upon the trial, with respect to the parties thereto.

THIS case came before the court on a certificate of division from the circuit court of the United States for the district of Maryland.

In the circuit court, the plaintiffs, on the 29th of April 1825, sued out a writ of capias ad respondendum, in an action of assumpsit against "Josiah Turner, and Philip Turner, surviving partners of William Turner, citizens of Maryland, merchants."

The declaration in the case contained two counts: the first count charged the defendant for work, labour and services, for goods sold and delivered, and for money lent, paid and advanced in the following terms:

. Josiah Turner, and Philip Turner, surviving partners of William Turner, citizens of Maryland, merchants, were attached to answer the plaintiffs, "of a plea of trespass on the case, &c. and thereupon the said plaintiffs, by J. Glenn their attorney, complain: for that whereas the said defendants, merchants and co-partners, trading under the firm of Josiah Turner and Company, in the life time of the said William," on the 1st day of March 1822, were indebted to the plaintiffs, &c.

The second count was on an alleged simul computassent; charging that "the said defendants, afterwards, to wit on the day and year aforesaid, accounted with the said plaintiffs of and concerning divers other sums of money, before that time due and owing from the said defendants to the said plaintiffs, and then being in arrears and unpaid, &c."

The defendants pleaded *non assumpsit;* and before the case came on for trial depositions of witnesses were taken in New York and in Holland, under commissions issued for the purpose; which showed that the ground of action was for advances made by the agent of the plaintiffs in September and October 1819, and in January 1820, on shipments of tobacco, the property of Josiah Turner and Philip Turner, consigned to the plaintiffs and by them sold for the account of the defendants. From these transactions a balance was by the accounts current of the plaintiffs claimed to be due to them; and the accounts current of the plaintiffs were by the testimony in the case shown to have been furnished to the defendants by

the agent of the plaintiffs at different periods, and particularly in June 1822. No acknowledgement or admission of the correctness of the account was given in evidence.

The defendants, to maintain the issue on their part, gave in evidence to the jury, that William Turner, the person mentioned in the declaration, died on the 6th day of January 1819; that the said William was formerly a partner with the said Josiah and Philip, under the firm of Josiah Turner and Company, but that the said copartnership was dissolved in October 1817; and that a new copartnership was formed between the said Josiah and Philip in 1820, under the firm of Josiah Turner and Company.

Whereupon the defendants, by their counsel, prayed the opinion of the court and their direction to the jury, that the plaintiffs are not entitled to recover, because the defendants are sued as surviving partners of William Turner; whereas the proof is, that William Turner had departed· this life some months before the first transaction took place betw ·en the plaintiffs and defendants, and therefore could not constitute one of the firm of the defendants at any time during the transactions in question; and that therefore there is a variance between the contract declared on, and the contract given in evidence; upon which prayer the opinions of the judges were opposed, and the same, on motion of the plaintiffs, by their counsel, was certified to the Supreme Court, agreeably to the act of congress.

The case was argued by Mr Stewart for the plaintiffs, and by Mr N. Williams for the defendants.

For the plaintiffs it was contended, that the description of the defendants in the writ did not control the further proceedings, so as to make them erroneous if they did not conform to that description. 2 Black. Rep. 1 Bos. and Pull. 383. 3 Day's Rep. 472. The declaration properly recites the writ, but this does not make the writ a part of the declaration. The declaration shows the ground of claim, and can alone be considered as exhibiting it. 1 Chitty, 289. 2 W. Black. 848. 11 F ist, 62, 65. 1 W. Black. 250.

This declaration in this case fully sustains the claim of the plaintiffs, if the words "surviving partners" are rejected; and they should be as surplusage. This being done, it states no

[Schimmelpennick v. Turner.]

cause of action against William Turner, but against Josiah Turner and Philip Turner.

But if the words "surviving partners" cannot be struck out, the objection of erroneous description does not apply to the last count in the declaration, as there they are not found. That count refers to the defendants in the suit, and those defendants were not William Turner, Josiah Turner, and Philip Turner, but the two latter only.  1 Harris and Gill's Rep. 234.

A plaintiff may recover in the same action against a defendant an individual debt, as also a debt due by him as a surviving partner.  5 Burr. 263.  5 T. R. 493.  1 Barn. and Ald. 29, 224.  2 Chitty's Plead. 436.

As to the alleged variance between the writ and the declaration, cited 2 Wheat. 45; 1 Harr. and Gill. 384.  If the defendants assert a variance between the second count and the writ, that should have been made the subject of exception before plea.  12 Johns. 344.

The evidence on the record shows that the parties had accounted together.  The accounts of the plaintiffs were delivered to the defendants, and no evidence that objections were made to them, until after three years, was offered.  If the evidence upon this point was slight, yet it should not have been taken from the jury by the court: it was with the jury only to determine on its sufficiency.

Mr Williams, for the defendants, argued, that although an action against a surviving partner, charging him as an individual, upon a partnership debt, can be sustained, yet there is no case where, in a suit on an individual contract, the defendant can be charged as a surviving partner; each partner being liable individually for the debts of the partnership: but partners are not liable for individual debts.

The rule of law is, that contracts must be set forth in the declaration truly; and the slightest variance in substance will be fatal.  Archb. Plead. and Ev. 122.  1 Durn. and East, 240. 2 Stark. Rep. 60.  (3 S. and L. 244.)  1 Chitty's Plead. 304.

Another rule of pleading is, that if the declaration contains too many defendants, or two few plaintiffs, it is a fatal defect. 1 Chitty's Plead. 31.  Arch. Plead. and Evid. 78.  1 East, 52.  Peters's C. C. R. 26, 27.  Arch. Prac. 54.

[Schimmelpennick v. Turner.]

The declaration in this case comes fully within both these rules. No evidence in the cause applied to transactions occurring before the death of William Turner; and all the dealing between the plaintiffs and Josiah and Philip Turner was subsequent to his decease.

The statement in the first count, by which the defendants are charged as surviving partners, cannot be changed by considering the words "surviving partners" as surplusage. The contract alleged, is a contract with the firm of "Josiah Turner and Company" in the lifetime of William Turner; and thus more parties are asserted to have made the assumpsit than those who are proved by the evidence to have been engaged in it.

The second count refers to the first; the plaintiffs count against the defendants, as "the said defendants." If the word "said" refers to the writ or the first count, it has the same effect, and alleges a contract made by Josiah and Philip Turner as surviving partners. Cited, 1 Chitty's Plead. 233. Doug. 667. 1 Mason, 66. 1 Camp. 466.

Nor can the declaration be sustained, as if the defendants had been individually described. Cited, Arch. Plead. and Ev. 122. 1 Chitty's Plead. 31. 6 D. and E. 363. 2 John. Rep. 213. 1 Peters's Rep. 317. 12 John. 349. 2 Williams's Saund. Rep. 121. 4 Barn. and Ald. 374. Arch. Prac. 60. 2 Stark. 356. 1 S. and L. 208. 5 Cowen, 58.

Mr Justice THOMPSON delivered the opinion of the Court.

This case comes up from the circuit court for the district of Maryland, upon a division of opinion in that court upon a point stated on the record in the following manner, viz. And thereupon the defendants, to maintain the issue on their part, gave in evidence to the jury, that William Turner, the person mentioned in the declaration in this cause, died on the 6th of January 1819. That the said William was formerly a partner with the said Josiah and Philip, under the firm of Josiah Turner and Company, but that the said copartnership was dissolved in October 1817, and that a new copartnership was formed between the said Josiah and Philip in 1820, under the firm of Josiah Turner and Company.

Whereupon, the defendants by their counsel prayed the

opinion of the court, and their direction to the jury, that the plaintiffs are not entitled to recover, because the defendants are sued as surviving partners of William Turner, whereas the proof is, that William Turner had departed this life some months before the first transaction took place between the plaintiffs and defendants, and therefore could not constitute one of the firm of the defendants at any time during the transaction in question, and that therefore there is a variance between the contract declared on, and the contract given in evidence. Upon which prayer the opinions of the judges were opposed.

The declaration contains two counts. The first, setting out the cause of action, states as follows: for that whereas the said defendants, merchants and copartners, trading under the firm of Josiah Turner & Co., in the lifetime of said William, on the 1st day of March in the year 1821, were indebted to the plaintiffs, &c., and being so indebted, the defendants undertook and promised to pa , &c. The second count is upon an insimul computassent, and begins: whereas also the said defendants afterwards, to wit, on the day and year aforesaid, accounted with the said plaintiffs, of and concerning divers other sums of money, due and owing from the said defendants, and then in arrear and unpaid, and being so found in arrear, the defendants promised to pay, &c.

Whatever objection may arise under the first count in the declaration, with respect to a variance between the contract, or cause of action, and the evidence to maintain it, that objection does not exist as to the second count. It is to be borne in mind that it forms no part of the question upon which the opinion of the judges was opposed, whether the evidence was admissible under the count upon an *insimul computassent.* The point of objection was, that the cause of action as stated in the declaration arose against the defendants and William Turner, and the evidence only showed a cause of action against the two defendants unconnected with William Turner, and which arose since his decease.

The only allegation in the second count in the declaration, from which it is argued that the contract declared upon was one including William Turner with Josiah and Philip, is, that *the said defendants* accounted with the plaintiffs, &c. But

[Schimmelpennick v. Turner.]

this does not warrant the conclusion drawn from it. The defendants were Josiah and Philip Turner. William Turner was not a defendant, and the reference by the terms *the said defendants* could not include him. It does not even describe the defendants as survivors, or allege that they accounted, as such, or in the lifetime of William Turner. But the whole cause of action as set out in this count arose against Josiah and Philip, entirely unconnected with William. The evidence, therefore, showing that William Turner died before the first transaction took place between the defendants and plaintiffs, did not show any variance between the contract declared upon in this count, and the contract proved. The one declared upon in the second count was between the plaintiffs, and the defendants Josiah and Philip Turner, and the evidence did not show a contract varying from it.

We are accordingly of opinion that there was no variance between the contract declared upon in the second count, and the contract proved upon the trial, with respect to the parties thereto.

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of Maryland, and on the point and question on which the judges of the said circuit court were opposed in opinion, and which point was certified, to this Court for its opinion in pursuance of the act of congress in such case made and provided, and was argued by counsel; on consideration whereof, it is the opinion of this Court that there was no variance between the contract declared upon in the second count, and the contract proved upon the trial, with respect to the parties thereto; whereupon it is ordered and adjudged by this Court that it be certified to the said circuit court as the opinion of this Court, that there was no variance between the contract declared upon in the second count, and the contract proved upon the trial, with respect to the parties thereto.