[14934.  Department Two.—July 11, 1893.]

## JOHANNA F. CLARKE, ADMINISTRATRIX, ETC., APPELLANT, v. ANDREW BAIRD, RESPONDENT.

ACTION FOR ACCOUNTING—IMPROVIDENT JUDGMENT OR ORDER—VACATING DEFAULT—PARTIES—INTERVENTION—AFFIDAVIT OF MERITS.—In an action by the administratrix of the estate of a decedent against a broker of the daughter of the decedent, for an accounting, to which action the daughter was not a party, a default judgment or order ordering the defendant to disclose the kind, quality, and quantity of securities held by him through his dealings with such daughter "concerning the money appropriated" by her from the estate of her mother, "and the investments in which the said money and the proceeds thereof has been placed, and that the defendant account to the plaintiff for the whole and every part thereof," shows upon its face that it was improvidently granted, and an order vacating the default of the defendant and granting leave to the daughter to file a complaint in intervention, is properly made, and no affidavit of merits was required to justify such order.

ID.—FINAL JUDGMENT—INTERLOCUTORY JUDGMENT—INTERVENTION.—A judgment directing an accounting and not establishing any certain indebtedness is interlocutory, and not final, and an intervention may be made by a party interested in the accounting after the entry of such interlocutory judgment.

APPEAL from an order of the Superior Court of the City and County of San Francisco, vacating a default, and allowing the filing of a complaint in intervention.

The facts are stated in the opinion.

*Alfred Clarke*, for Appellant.

*Charles F. Hanlon*, for Respondent.

HAYNES, C.—Defendant Baird having failed to plead to the complaint, his default was entered, and thereupon the following

judgment or order was made and entered on November 28, 1891: "Now, on the application of the plaintiff, it is ordered that plaintiff have judgment against the defendant, that the defendant disclose to the plaintiff the kind and quality and quantity of the securities held by him through his dealings as broker for Mrs. Hannah Wittram, the daughter of Mrs. Margaret Clarke, deceased, concerning the money appropriated by said Hannah Wittram of the estate of said Margaret Clarke, deceased, and the investments in which the said money and the proceeds thereof has been placed, and that the defendant account to the plaintiff for the whole and every part thereof, and that plaintiff have judgment for said property and the whole and every part thereof, and for damages in addition thereto equal to the value of said property, as required by section 1460 of the Code of Civil Procedure."

On December 24, 1891, upon an affidavit filed by the attorney of Hannah Wittram, the court made an order vacating the default of defendant Baird, and granting leave to Hannah Wittram to file her complaint in intervention, which complaint the order recited was attached thereto, and from this order the plaintiff appeals.

The complaint in the action against Baird is not contained in the record, but the judgment sufficiently discloses its character. The judgment, however, is not a final judgment, but an interlocutory one ordering an accounting. It did not find that he was indebted to the estate of Mrs. Clarke, but ordered that he disclose the kind, quality and quantity of securities held by him through his dealings with Mrs. Wittram, "concerning the money appropriated by said Hannah Wittram of the estate of Margaret Clarke, deceased, . . . . and that defendant account to the plaintiff for the whole and every part thereof."

No final judgment could have been properly entered against the defendant without further proceedings. It disclosed, however, that whatever securities the defendant had in his possession he received from Hannah Wittram, and no final judgment or order for the surrender of such securities, or moneys arising therefrom, to the plaintiff, could properly be made without the presence of Hannah Wittram as a party. What the plaintiff expected to accomplish by the proceeding without making her a party, it is difficult to conceive.

The order was improvidently made, and was properly vacated upon the interest of Mrs. Wittram being called to the attention of the court.

The objection that an intervention cannot be permitted after final judgment has no application here.

Final judgment could not have been had in the action without her presence, and the plaintiff might properly have been ordered to make her a defendant. Besides, the so-called judgment was vacated, and the case stood as though no judgment had ever been entered at the time her complaint in intervention was filed.

No affidavit of merits was required. Sufficient appeared upon the face of the order vacated to require its vacation, and to show that Mrs. Wittram's intervention was proper.

The order appealed from should be affirmed.

TEMPLE, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the order appealed from is affirmed.

McFARLAND, J., FITZGERALD, J., PATERSON, J.