[S. F. No 2584.   Department One.—March 15, 1902.]

## LILLIAN M. WHEELER, Respondent, v. JACOB BEN-JAMIN, Administrator, etc., et al., Defendants.  CITY AND COUNTY OF SAN FRANCISCO, Appellant.

PRESIDIO RESERVATION—ORIGINAL BOUNDARY—PUEBLO PATENT RECITALS —RELATION TO PETITION.—The exception made by the pueblo patent to the city of San Francisco of the Presidio military reservation must be deemed to refer to the original boundary thereof, as fixed on the ground when the petition for confirmation was filed in 1852, to which date the patent refers by its recitals of the petition and confirmation thereof.

ID.—MISTAKE IN MAP APPENDED TO PATENT—GRANT OF STRIP TO CITY—LOCATION OF EASTERN BOUNDARY.—An evident mistake in a subsequent map appended to the pueblo patent in locating the eastern boundary of the Presidio reservation, as changed by the grant of a strip to the city and county of San Francisco off from the eastern side of the reservation, made by the act of Congress of 1876, must be disregarded, and will be controlled by the original location of the eastern boundary of the reservation as fixed upon the ground when the petition for confirmation was filed.

ID.—ACTION TO QUIET TITLE—EVIDENCE FOR CITY AND COUNTY.—Upon the trial of an action to quiet title to a lot situated within the limits of the original Presidio reservation, and within the strip granted to the city and county in 1876, the city and county was entitled to prove the original eastern boundary of the reservation and the location of the original monuments on the ground determining that boundary.

ID.—EFFECT OF ACT OF 1876—EXTENSION OF LYON STREET—ORDINANCE 800.—The act of 1876, which extended Lyon Street eighty feet in width to the bay, and granted a strip from off the eastern portion of the Presidio reservation to the city and county, for the benefit of persons who would have been entitled thereto if the land so granted had not been reserved for public use, under the Ordinance 800, had the effect to confer upon previous grantees of the city under that ordinance a title to the portion of their lands included in said strip, subject to the dedication of Lyon Street, the western boundary of which is the present eastern line of the reservation.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.  J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

Franklin K. Lane, City Attorney, for Appellant.

Charles S. Wheeler, for Respondent.

GRAY, C.—This action is brought to quiet title to a lot of land sixty-seven feet and one inch wide from east to west and one hundred and thirty-seven feet and six inches long from north to south, situated in block 574 in the Western Addition of the city of San Francisco, at the northeast corner of Broadway and Lyon streets, and in the southwest corner of said block, according to what is described as the official map of the city and county of San Francisco, prepared by William P. Humphreys. On a trial of the case without a jury, the plaintiff had judgment. This appeal is from said judgment and from an order denying a new trial, and is brought here by the said city and county, the other defendants not appealing.

The plaintiff deraigns title from the city and county of San Francisco by deed executed to plaintiff's predecessor by said city and county in June, 1870. The theory of plaintiff and respondent is, that the said city acquired title to the disputed lot by the patent of the pueblo lands issued by the government of the United States to the city of San Francisco on the twentieth day of June, 1854, as the final step in proceedings initiated by said city by petition filed on the second day of July, 1852, with the commission appointed under an act of Congress to ascertain and settle the private land claims in the state of California.

The city claims title to the premises in dispute under the act of Congress of May 9, 1876, (19 Stats. at Large, p. 52,) entitled "An act to relinquish the interests of the United States in certain lands to the city and county of San Francisco in the state of California."

In the pueblo patent the exterior boundaries of the four leagues of land conveyed are fully described by courses and distances as they had been surveyed in the field. By the terms of the patent some fifteen tracts within these exterior boundaries are excepted from its operation and are not conveyed; among these tracts is the "Presidio Military Reservation." The exterior boundaries of said reservation are not

given in terms by course and distance, but there is attached to and made part of the patent a map whereon the eastern boundary of said Presidio reservation is indicated as the western line of Lyon Street. It is contended by respondent that this plat, being a part of the patent, must govern as to the boundary between the reservation and the pueblo lands, and that the land east of that line was conveyed to the city by the patent.

The eastern line of the reservation was located, fixed, and marked with monuments on the ground, by a government engineer, at an early date and long before the map referred to was made, and this line was not thereafter changed until, by the act of Congress of 1876, already referred to, there was granted to the city and county of San Francisco a strip of land along the eastern boundary of the Presidio reservation more than a hundred feet wide, and embracing all of Lyon Street along said boundary, as it is indicated on the plat in question. The pueblo patent being based on the aforesaid petition and the decree of confirmation made in 1854, and the affirmance thereof by the United States circuit court in 1865, all recited in the patent, took effect as of the date of the petition, 1852, and a reservation of the Presidio therein must be taken to have meant the Presidio as it existed on the ground in 1852. From the language of the patent it is clear that it was not the intent or purpose of it to convey any portion of the Presidio, as it existed on the ground and was occupied by the military authorities at the dates of the various petitions and decrees referred to and recited in said patent. The act of Congress of 1876 which granted to the city and county the strip along the eastern boundary of the Presidio reservation including the present site of Lyon Street is not referred to in the patent, and it is plain that the patent was not intended as a conveyance of anything included in the said grant of 1876. Nevertheless in constructing the plat attached to the patent the map-maker seems to have adhered to the new eastern boundary of said reservation as it was fixed by said act; but this may be treated as the mistake that it clearly appears to be from the express recitals of the patent.

In view of the foregoing conclusions, we think it was necessary and proper on the trial to show just where the

eastern line of the Presidio reservation was originally located on the ground, and to this end the city introduced evidence tending to show that a cannon had been planted at the old southeast corner of said reservation at a distance of some one hundred and seventeen feet east of where the monument erected after the act of Congress in 1876 to mark the new southeast corner now stands; and that a fence ran in a northerly direction from said cannon along the eastern boundary as it then existed; and, if we understand the evidence correctly, this fence included on the reservation side of it all that portion of the lot in controversy now claimed by the city to be in Lyon Street and within eighty feet of the Presidio fence, as it is now maintained. All this evidence was stricken out, and in this we think the court erred. The oral testimony of the witness O'Connor was certainly competent to show the location of the cannon and the ancient fence, and the testimony of the other engineers with the plats was competent to illustrate the location of these objects in connection with the premises in dispute. The monuments erected upon the ground, or, in their absence, evidence as to where they had stood, was the best evidence as to the old corner and boundary of the reservation. This corner, from the evidence that was stricken out, seems to have been, as a matter of fact, where the cannon was planted, and the eastern boundary where the fence formerly stood; and an erroneous map, even though a part of the patent, could not change these facts.

The act of Congress of 1876 provided "that Lyon Street shall be extended to the bay of San Francisco eighty feet wide, and is hereby dedicated for a public highway and street forever." It also made the grant to the city and county "for the benefit of persons, who, if the said land had not been reserved for public use, would have been entitled thereto under the ordinance numbered eight hundred of the city of San Francisco, ratified by the act of the legislature of said state, approved on the twenty-seventh day of March, 1868." (Stats. 1867-1868, p. 379.) As respondent's grantors received their deeds from the city under this same ordinance 800, respondent is entitled to the property in dispute under the said act of 1876; but he must take it charged with the dedication named in the act, and with the right in the appellant to

maintain a public street over it to the extent of eighty feet in width from the present eastern line of the reservation.

The order and judgment appealed from should be reversed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the order and judgment appealed from are reversed.

Harrison, J., Garoutte, J., Van Dyke, J.

Hearing in Bank denied.