[S. F. No. 7464. In Bank.—February 13, 1918.]

## SOSEI ASATO, Respondent, v. KARL EMIRZIAN, Appellant.

CONVERSION—PERSONAL PROPERTY CONSISTING OF ORANGE TREES TAKEN UNDER JUDGMENT—TAKING AND POSSESSION NOT UNLAWFUL.—Where, pursuant to a judgment for the plaintiff, in an action for the specific performance of a contract to sell orange trees, which judgment, though appealed from was not stayed, the trees were delivered to the plaintiff by a receiver appointed by the court, the taking of the trees by the plaintiff and their possession by him was lawful.

ID.—TITLE TO PROPERTY PENDING APPEAL CONTINGENT.—In such case the plaintiff's right to the possession of the trees pending the appeal was contingent upon the determination of the case, and liable to extinguishment by a reversal of the judgment.

ID.—REVERSAL OF JUDGMENT—RESTITUTION OF PROPERTY—TRUSTS—LIABILITY FOR FAILURE TO RESTORE.—On reversal of the judgment in such case the plaintiff is bound to restore and account for the property, and the rule governing the extent of his liability is the same as that applicable to trustees, who are required to conduct the affairs of the trust as an ordinarily prudent man would conduct his own, being chargeable for no more than they have received, nor responsible for losses that may arise when acting in good faith and with common skill and prudence.

ID.—PLANTING TREES—CHANGING CHARACTER OF TREES FROM PERSONAL TO REAL PROPERTY—INABILITY TO MAKE RESTITUTION.—Where,

pending appeal from the judgment in such a case, the plaintiff planted the trees in his orchard as part thereof, he changed their character from personal property as nursery stock to a part of his real property, and thereby placed it beyond his power to make restitution, and appropriated and converted the property to his own use in violation of his duty as a trustee.

ID.—LOSS OF FRUIT TREES BY DEATH AFTER PLANTING—INABILITY TO MAKE RESTITUTION—EVIDENCE—BURDEN OF SHOWING GOOD FAITH AND DILIGENCE IN CARE.—Where the plaintiff to whom fruit trees are delivered under a judgment which is not stayed on appeal plants them in his orchard, and they die pending the appeal, and he is for that reason unable to make restitution on a reversal of the judgment, he must, in order to escape liability for the conversion, show that his inability to restore the property was not due to want of good faith or to lack of common skill, prudence, and diligence in the care thereof.

ID.—MEASURE OF DAMAGES.—In an action for the conversion of orange trees under such circumstances where the verdict is for the plaintiff, the measure of damages is the value of the trees at the time of the conversion, the fact that the trees died after they were planted by the defendant being immaterial, unless such loss could be attributed to some cause existing prior to the conversion and for which the defendant was not liable.

ID.—INSTRUCTIONS — ERRONEOUS BUT HARMLESS INSTRUCTION. — In such case the court erred in instructing the jury that in ascertaining the value of the trees they were governed by the evidence as to value as of the time of the taking, but since the only evidence as to the time of the conversion by planting indicated that they were taken about June 1st, and were permanently set in the ground about the same time, the error could not have been prejudicial.

APPEAL from an order of the Superior Court of Fresno County denying a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

C. K. Bonestell, for Appellant.

Geo. Cosgrave, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—This action for conversion grew out of the following facts: On June 8, 1909, the parties entered into a contract whereby for a specified consideration plaintiff, Asato, agreed to grow and deliver to defendant Emirzian four thousand orange trees, delivery

thereof to be made in June, 1911.  For some reason not material to the issues in this case, the trees were not delivered, and Emirzian instituted suit for the specific performance of the contract, the result of which was a decree entered in his favor on March 28, 1912.  After an appeal from this judgment by Asato without giving an undertaking to stay execution thereon, the court upon application of Emirzian appointed a receiver, who, in accordance with the terms of the decree and under order of the court, made delivery of the trees to Emirzian, who planted the same on his land as a part of his orange orchard, where, prior to the commencement of this action, they died.

The appeal so taken by Asato from the judgment in the former action resulted in a reversal of the judgment. (*Emirzian* v. *Asato*, 23 Cal. App. 251, [137 Pac. 1072].) Thereupon, plaintiff brought this action alleging that on May 13, 1912, he was the owner, entitled to, and in the exclusive possession of two thousand six hundred orange trees then and there of the value of two thousand six hundred dollars, which trees defendant unlawfully took and carried away and converted to his own use, all of which allegations were denied by defendant's answer.  The case was tried by a jury which rendered a verdict as prayed for by plaintiff in accordance with which judgment was entered.  Defendant appeals from an order of the court denying his motion for a new trial.

In effect, the several provisions of the Code of Civil Procedure declare that where no undertaking on appeal is given by defendant in cases of this character to stay execution of the judgment, the same may be enforced as though no appeal were had.  Hence, the taking of the trees by defendant in this action under the terms of the decree as to the execution of which there was no stay, could not be deemed an unlawful or wrongful taking.  "A judgment, although it may be erroneous, nevertheless, is the act of the court, and until reversed, unless superseded, which was not done in the instant case, constitutes a sufficient justification for all acts done in its enforcement, and afforded complete protection for the defendant who acted in reliance upon the adjudication." (*State Nat. Bank* v. *Ladd* (Okl.), 162 Pac. 684, [L. R. A. 1917C, 1176], and cases there cited.)  Nevertheless, where a plaintiff by virtue of a judgment rendered in an action obtains possession of money or specific property of the defend-

ant therein, the latter upon a reversal of the judgment on appeal therefrom is entitled to restitution of the property or proceeds of the sale thereof under execution. (Sec. 957, Code Civ. Proc.; *Dowdell* v. *Carpy,* 137 Cal. 333, [70 Pac. 167] ; *Ashton* v. *Heydenfelt,* 124 Cal. 14, [56 Pac. 624].) As to such defendant "the courts will, where justice requires it, place him as nearly as may be in the condition in which he stood previously." (*Ward* v. *Sherman,* 155 Cal. 287, [100 Pac. 864].)

Since, under the decree the possession of the trees taken by Emirzian was lawful, and Asato's right thereto did not attach until after the reversal, it follows that until the judgment was reversed defendant herein was lawfully in possession of the property so acquired. When, however, the judgment was reversed he was in duty bound to account to Asato for the property which he had theretofore received, and, as said in *Ward* v. *Sherman, supra,* the rule governing the extent of defendant's liability is that applicable to a trustee which in 28 American and English Encyclopedia of Law, second edition, page 1059, is stated as follows: "The general doctrine being that trustees ought to conduct the business of the trust in the same manner as an ordinarily prudent man of business would conduct his own, they will not be chargeable with more than they have received nor held responsible for losses that may arise, when they have acted in good faith and with common skill, prudence and diligence." While pending the appeal Emirzian, under the principle stated, was entitled to the possession of the property, his title thereto was contingent upon the determination of the case, and if, as such trustee, he was unable to make restitution of the trees, it devolved upon him in order to escape liability to show that such fact was not due to the want of good faith, or the lack of common skill, prudence, and diligence in the care thereof. The only evidence touching the subject is that of defendant who stated that upon receiving the trees he planted them in his orchard as part thereof, thus changing their character from nursery stock, which constituted personal property, to a part of his real property, thereby placing it beyond his power to make restitution. By such act, in the absence of any evidence showing necessity therefor, or that in so doing he exercised common prudence, he, in violation of his duty as trustee, appropriated the property and converted it to his own use

as fully and to the same extent as though the subject of controversy had been a lot of hay, upon the taking of which, defendant had thereupon fed it to his cattle. "In such cases the true rule would seem to be that the trustee is liable to the extent of the actual value of the property at the time of the conversion . . . with interest." (Am. & Eng. Ency. of Law, p. 1062.) If he had retained the trees as personal property, in which character they were received by him, he could at any time thereafter have made restitution to Asato, in which case, under the rule applied in *Ward* v. *Sherman, supra,* his liability for loss would have been that due to want of common prudence and care. Had the trees been sold under execution, the proceeds thereof coming into the hands of Emirzian would, in the absence of fraud, have fixed the amount of his liability (Code Civ. Proc., sec. 957), and since he converted them to his own use his liability should be measured by the value of the trees at the time of the conversion. The fact that the trees thereafter died is immaterial unless such loss could be attributed to some cause for which defendant was not responsible existing prior to the conversion, evidence bearing upon which question was in fact introduced by both parties as affecting the value of the trees, which the jury found to be one dollar per tree at the time they were delivered to defendant.

At the trial plaintiff's theory of the case was that the receiver's delivery of the trees to defendant constituted the conversion, while that of defendant was that, since the taking by defendant was lawful, and the capacity in which he held the property that of a trustee, there could be no conversion thereof by him. The trial court instructed the jury that in ascertaining the value of the trees they were governed by the evidence as to value as of the time of the taking, and refused defendant's requested instruction fixing the value as of the time of the conversion. In this the court erred, but in view of the evidence disclosed by the record we are unable to perceive how defendant was prejudiced by the ruling. It was not the taking, which appears to have been about June 1st, but the appropriation made by defendant in planting the trees as part of his orange grove that constituted the conversion, and barring any lack of proper care of the trees on his part prior to such conversion, their value at such time was the measure of defendant's liability. Never-

theless, in the absence of any evidence as to the time when the trees were so planted other than that of defendant, who said upon receiving the trees he planted them in his orchard, we may indulge the presumption, based upon common knowledge, that the trees, upon being taken from the nursery in June, were permanently set in the ground about the same time, hence the error could not have been prejudicial.

The gist of appellant's whole claim and argument is that there was no conversion since defendant held the trees as trustee; that the permanent setting of the trees on his land in orchard form, thus appropriating them for all time to his own use, was, in itself, in the absence of other evidence of such fact, proof that he, as trustee, exercised proper skill and diligence in the care and management of the trust property, and hence, though shown to be in good merchantable condition when he got them, nevertheless, since they died, he is not responsible for the loss to plaintiff. We cannot assent to this contention.

The order appealed from is affirmed,

Sloss, J., Wilbur, J., Melvin, J., Shaw, J., Richards, J., *pro tem.*, and Angellotti, C. J., concurred.