VARCÁRCEL, PLAINTIFF AND APPELLANT, *v.* MONGE, DEFENDANT AND APPELLEE.

APPEAL from the Second District Court of San Juan in an Action of Debt.

No. 2790.—Decided January 19, 1923.

DEFAULT JUDGMENT—OPENING DEFAULT.—In the matter of opening defaults much is confided to the discretion of the court, and where the circumstances are such as to lead the court to hesitate it is better to resolve the doubt in favor of the application so as to secure a trial and judgment on the merits.

The facts are stated in the opinion.
*Mr. H. Torres Solá* for the appellant.
*Mr. R. H. Blondet* for the appellee.
MR. JUSTICE HUTCHISON delivered the opinion of the court.

Plaintiff appeals from an order setting aside a judgment by default and assigns as error:

First, that the court below exceeded its powers in permitting Carlota Pastrana, said to be not a party nor the guardian *ad litem* of her husband, Juan Monge, defendant, to demand the reopening of the case, another person already having been named as such guardian.

Second, that the court below erred in permitting Carlota Pastrana to intervene by virtue of her appointment as such guardian in another case against the same defendant pending in another court.

Third, that the court below erred, acted without jurisdiction and abused its discretion:

(*a*) Because the motion was not accompanied by the affidavit of merits required by the Code of Civil Procedure.

(*b*) Because an answer setting forth a meritorious defense was not attached.

(*c*) Because the statement by Carlota Pastrana does not show that she had ''fully and fairly stated the facts of the case'' to her attorney and that in the opinion of such attorney she has a good·defense to the action on the merits.

(*d*) Because the motion did not show by certificate of counsel or otherwise that the final result would be different from that already reached.

Fourth, that the court below erred in recognizing Carlota Pastrana as guardian *ad litem.*

Fifth, that the order appealed from is erroneous, contrary to law and in excess of both jurisdiction and discretion.

Sixth, that the court below erred in setting aside the default on a motion made four months after the filing of the complaint, no want of jurisdiction having been alleged as the ground therefor.

''In the matter of opening defaults, much is confided to the discretion of the court; and where the circumstances are such as to lead the court to hesitate, it is better to resolve the doubt in favor of the application so as to secure a trial and judgment on the merits.'' Note to section 373 of the California Code at page 429 of Fairall's Code of Civil Procedure.

Section 140 of our Code of Civil Procedure provides, among other things, that ''when from any cause the summons in an action has not been personally served on the defendant, the court may allow on such terms as may be just, such defendant or his legal representative at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action.''

The brief for appellant does not dwell upon this feature of the section referred to, but elaborates the plain proposi-

tion that the application to set aside the default does not fall within any of the other provisions of the same section.

The theory of the motion is that appellee, as the wife of the incapacitated defendant, should have been named as guardian *ad litem* herein and that a previous order appointing a third person nominated by plaintiff and upon whom summons had been served was an absolute nullity. Appellant does not concur in this view of the matter, but simply assumes, without any serious effort to show, that under sections 56 and 57 of the Code of Civil Procedure the court may disregard any such claim. As repeatedly pointed out in recent cases, we have no time for the independent investigation of more or less doubtful questions so raised and submitted.

The order setting aside the judgment by default purports to grant the relief prayed for in the motion as follows:

First, that the opening of the default in the above entitled case be ordered by the court, giving the defendant an opportunity to defend himself;

Second, that the nullity of the order of October 14, 1921, naming José Trías as guardian *ad litem* of the said incapacitated defendant also be decreed; and

Third, that the service of summons made on José Trías on October 31, 1921, be likewise vacated.

In the matter of the *Estate of Joseph Ross,* 140 Cal. 282, a guardian *ad litem* for a minor granddaughter who had not been actually represented in the proceedings for settlement of the estate was appointed after a decree had been entered, and, upon the verified petition of the guardian so named, the decree was then set aside and a redistribution of the estate made. This action met the approval of the appellate tribunal, which in the course of its opinion said that "courts are always inclined to be liberal in relieving parties laboring under a disability from the effect of a decree which appears to be unjust, and which deprives a party of his rights,

and the lower court is warranted in vacating it upon diligent application and a reasonable showing.''

For the purposes of this opinon it may be conceded that the mere fact that the wife had been named by another court in another case as guardian *ad litem* did not entitle her as a matter of course to a similar appointment herein. But that was not the sole nor the primary ground of the motion, and, if appellant is not satisfied that the recognition by the court of the wife as guardian is the substantial equivalent of a formal appointment, then any prejudice that might result from such irregularity may be avoided by requesting a further order expressly designating the wife as such guardian herein.

''No affidavit of merits is necessary on a motion to vacate a judgment rendered upon an invalid stipulation (Toy v. Haskell, 128 Cal. 558; 79 Am. St. Rep. 70; Pac. 89); nor on a motion to set aside a judgment, entered upon a fraudulent stipulation, where the record shows that there is a meritorious defense (Crescent Canal Co. v. Montgomery, 124 Cal. 134; 56 Pac. 797); nor on a motion to vacate a judgment based upon want of jurisdiction of the person (Maclay Co. v. Meads, 14 Cal. App. 363; 112 Pac. 195; 113 Pac. 364); nor on a motion to set aside a decree in a divorce suit (Cottrell v. Cottrell, 83 Cal. 457; 23 Pac. 531); nor where the judgment shows upon its face that it was improvidently made (Clarke v. Baird, 98 Cal. 642; 33 Pac. 756); nor where the judgment is void; in this class of cases the defendant is entitled to relief, independently of the statute. Norton v. Atchison etc. R. R. Co., 97 Cal. 388; 33 Am. St. Rep. 198; 30 Pac. 585; 32 Pac. 454.'' Fairall's Code of Civil Procedure, Part 1, p. 434.

''Upon a motion, by a person entitled to letters of guardianship of the person of a minor, to set aside an order granting letters to another person, made without the knowledge or consent of the moving party, no further affidavit of merits is necessary than the showing that she is a competent and fit person to have the care, control and custody of such minor. Guardianship of Van Loan, 142 Cal. 423; 76 Pac. 37. Where the record discloses that the court had no power to make the order appointing a guardian, such order is void upon its face, and it can be attacked at any

time. Guardianship of Eikerenkotter, 136 Cal. 54; 58 Pac. 370." Idem, p. 443.

In the case at bar the motion was sworn to by appellee and was accompanied by a demurrer and an answer, both of which appellant says are frivolous. But that fact is not self-evident and there is no very persuasive argument upon this point.

The order complained of is presumed to be correct and, in the absence of any satisfactory showing as to the merits of the appeal, must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Aldrey concurred.

Mr. Justice Franco Soto took no part in the decision of this case.