Varcárcel, Demandante y Apelante, *v.* Monge, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de San Juan, Segundo Distrito, en pleito sobre cobro de dólares.

No. 2790.—Resuelto en enero 19, 1923.

Sentencia en Rebeldía.—Apertura de Rebeldía.—La materia de apertura de rebeldías mucho descansa en la discreción de la corte, y cuando las circunstancias son tales que hacen vacilar a la corte, es preferible resolver la duda en favor de la solicitud asegurando así un juicio y sentencia sobre los méritos.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. H. Torres Solá.*

Abogado del apelado: *Sr. R. H. Blondet.*

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

El demandante establece apelación contra una resolución dejando sin efecto una sentencia en rebeldía y asigna como errores los siguientes:

Primero, que la corte inferior se excedió en sus faculta-

des al permitir que Carlota Pastrana, que se dice no es parte en este pleito ni defensora judicial de su esposo demandado Juan Monge, que solicitara la apertura de la rebeldía, habiendo sido ya nombrada otra persona como tal defensor.

Segundo, que la corte inferior erró al aceptar la intervención de Carlota Pastrana a virtud de su nombramiento como tal defensora en otro caso contra el mismo demandado que estaba pendiente en otra corte.

Tercero, que la corte inferior erró, actuó sin jurisdicción y abusó de su discreción por lo siguiente:

(*a*) Porque no se acompañó a la solicitud de rebeldía el affidavit de méritos exigido por el Código de Enjuiciamiento Civil.

(*b*) Porque no se acompañó una contestación a la demanda que adujera una meritoria defensa.

(*c*) Porque no consta de las alegaciones de Carlota Pastrana que ella hubiese "explicado los hechos de una manera fiel y completa" a su letrado y que en opinión de dicho abogado tuviese una buena y meritoria defensa en los hechos de su acción.

(*d*) Porque la moción no mostraba mediante certificado de abogado ni en otra forma que el resultado sería distinto de la sentencia que recayó.

Cuarto, que la corte inferior erró al reconocer a Carlota Pastrana el carácter de defensora judicial.

Quinto, que la resolución apelada es errónea y contraria a derecho y en exceso de jurisdicción y de discreción.

Sexto, que la corte inferior erró al dejar sin efecto la rebeldía a virtud de una moción hecha cuatro meses después de radicada la demanda, sin haberse alegado ninguna falta de jurisdicción como fundamento de la misma.

"En cuestiones sobre apertura de rebeldías, mucho queda confiado a la discreción de la corte; y cuando las circunstancias son tales que inducen a la corte a vacilar, es mejor resolver la duda a favor

de la solictiud a fin de garantizar un juicio y sentencia sobre los méritos.'' Nota a la sección 473 del Código de California en la página 429 del Código de Enjuiciamiento Civil de Fairall.

El artículo 140 de nuestro Código de Enjuiciamiento Civil prescribe entre otros particulares que ''cuando por cualquier causa la citación en una demanda no se hubiese hecho al demandado en persona, podrá la corte en la forma que estimare justa, permitir que dicho demandado o su representante legal, en cualquier tiempo dentro del año de pronunciado el fallo en ella, la conteste tal como se interpuso.''

El alegato del apelante no trata de este aspecto del artículo referido sino que desarrolla con amplitud la clara proposición de que la solicitud para dejar sin efecto la rebeldía no está comprendida en ninguna de las demás disposiciones de dicho artículo.

La teoría de la moción es que la apelada, como esposa del demandado incapacitado debió haber sido nombrada defensora judicial en este caso y que una orden anterior nombrando a otra persona indicada por el demandante y a quien se había hecho una citación era absolutamente nula. El apelante no está de acuerdo con este criterio sobre el asunto sino que asume simplemente sin hacer gran esfuerzo por demostrar que de acuerdo con los artículos 56 y 57 del Código de Enjuiciamiento Civil la corte puede dejar de tomar en consideración semejante petición. Como se ha dicho frecuentemente en casos recientes, no tenemos tiempo para hacer una investigación independiente de cuestiones que son más o menos dudosas que de tal modo hayan sido suscitadas o sometidas a la corte.

La resolución dejando sin efecto la sentencia en rebeldía tiene por objeto conceder el remedio solicitado en la moción, a saber:

Primero, que por la corte se ordene abrir la rebeldía en el caso titulado como la presente dando oportunidad al demandado para defenderse.

Segundo, que asimismo decrete la nulidad de su resolución de 14 de octubre de 1921, nombrando defensor judicial de dicho incapacitado a don José Trías.

Y tercero, que asimismo ordene dejar sin efecto el diligenciamiento del emplazamiento hecho en la persona de José Trías, diligenciado en 31 de octubre de 1921.

En el caso de los bienes relictos de José Ross, 140 Cal. 282, fué nombrado un defensor judicial para una nieta menor de edad que verdaderamente no estaba representada en los procedimientos para el arreglo de los bienes, después de haberse dictado una orden, y a virtud de una petición jurada del defensor así nombrado, quedó entonces la orden anulada haciéndose una nueva distribución de los bienes. Esta actuación mereció la aprobación del tribunal de apelación, en cual en el curso de su opinión· dijo que ''las cortes se inclinan siempre a ser liberales proporcionando un remedio a las partes que se encuentran incapacitadas del efecto de una resolución que parece ser injusta y que priva a una parte de sus derechos, y la corte inferior está justificada en proceder a anularla a virtud de una oportuna solicitud mediante prueba razonable.''

Para los fines de esta opinión puede concederse ' que el sólo hecho de que la esposa había sido nombrada por otra corte en otro caso como defensora judicial no le daba derecho como cosa natural a un nombramiento semejante en este caso. Pero ese no es el único ni el principal fundamento de la moción, y si no está satisfecho el apelante de que el reconocimiento hecho por la corte de la esposa como defensora judicial equivale substancialmente a un nombramiento formal, entonces cualquier perjuicio que pudiera resultar debido a tal irregularidad puede evitarse solicitando una nueva orden en la cual expresamente se designe a la esposa como tal defensora judicial en este caso.

''En una moción para que se deje sin efecto una sentencia que

ha sido dictada a virtud de una estipulación nula, no es necesario ningún affidavit de méritos (Toy v. Haskell, 128 Cal. 558; 79 Am. St. Rep. 70; Pac. 89); ni tampoco en una moción para que se deje sin efecto una sentencia que ha sido dictada basada en una estipulación fraudulenta, cuando los autos muestran que existe defensa meritoria (Crescent Canal Co. v. Montgomery, 124 Cal. 134; 56 Pac. 797); ni en una moción para dejar sin efecto una sentencia basada en falta de jurisdicción de la persona (Maclay Co. v. Meads, 14 Cal. App. 363; 112 Pac. 195; 113 Pac. 364); ni en una moción para dejar sin efecto una resolución en un pleito de divorcio (Cottrell v. Cottrell, 83 Cal. 457; 23 Pac. 531); ni tampoco cuando la sentencia muestra por su faz que fué dictada con descuido (Clarke v. Baird, 98 Cal. 642; 33 Pac. 756); ni cuando la sentencia es nula; en esta especie de casos el demandado tiene derecho a un remedio independientemente del estatuto. *Norton* v. *Atchison* etc. R. R. Co. 97 Cal. 388; 33 Am. St. Rep. 198; 30 Pac. 585; 32 Pac. 452.'' Código de Enjuiciamiento Civil de Fairall, Parte 1, pág. 434.

''En una moción hecha por una persona con derecho a que se le expida el nombramiento de defensora de la persona de un menor, para que se deje sin efecto una orden que hace el nombramiento a favor de otra persona, y que se hizo sin el conocimiento o consentimiento de la parte que presenta la moción, no se necesita ningún otro affidavit de méritos como no sea sino para demostrar que es una persona competente y de condiciones para tener el cuidado, control y custodia de dicho menor. *Guardianship of Van Loan,* 142 Cal. 423; 76 Pac. 37. Cuando los autos revelan que la corte no tenía facultades para dictar la resolución haciendo el nombramiento de un defensor, tal resolución es nula por su faz y puede ser atacada en cualquier tiempo. *Guardianship of Eikerenkotter,* 126 Cal. 54; 58 Pac. 370.'' *Idem,* p. 443.

En el presente caso la moción fué jurada por el apelado y estaba acompañada de una excepción previa y contestación, ambas de las cuales dice el apelante que son frívolas. Pero ese hecho no es evidente por sí y no existe razonamiento muy persuasivo sobre este punto.

La resolución de que se queja el apelante se presume que es correcta y a falta de alguna prueba satisfactoria en cuanto a los méritos de la apelación, debe confirmarse.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Aldrey.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.