[Civ. No. 9983.   Third Dist.   Feb. 7, 1961.]

JOHN P. STEGGE, Appellant, v. EVERETT WILKERSON, Respondent.

(1)

2

Coffield & Decker and Laura O. Coffield for Appellant.

Daniel K. York, Pearce Young and Jack M. Howard for Respondent.

SCHOTTKY, J.—Plaintiff, John P. Stegge, has appealed from an order setting aside default and vacating judgment and from an order quashing and recalling a writ of execution.

It appears from the record that on October 15, 1959, plaintiff brought an action against Everett Wilkerson and Herbert A. Hickey for the dissolution of a partnership and an accounting. It was alleged in the complaint that the three men had formed a partnership; that each was to contribute one-third of the capital; that each was to share in the profits and losses; that Stegge's contribution greatly exceeded that of the defendants; that the partnership had bills outstanding; that Stegge had sought an accounting from the defendants which

they had not granted; and that the defendants refused to pay Stegge any sums due him as a result of payments by him in excess of one-third of the losses.

Summons was served on defendant, Everett Wilkerson, on October 16, 1959. Hickey was never served nor has he submitted to the jurisdiction of the court. Wilkerson did not answer or demur to the complaint and a default judgment, interlocutory in form, was entered against him on November 24, 1959, in the amount of $14,805.57.

On November 27, 1959, an order staying enforcement of the judgment was sought by Wilkerson. At 4:32 p. m. a stay order was granted by the court. However levy of execution was made.

On November 30, 1959, a motion to set aside the default was filed. The affidavit in support of the motion alleged that sometime after October 17, 1959, Wilkerson conferred with Stegge and they agreed that before the amount of money due Stegge could be determined it would be necessary to determine the amount due the creditors of the partnership; that Stegge agreed to go to Hollister and confer with the lessor of certain real property leased by the partnership; that Stegge would investigate the extent of the partnership obligations; that an appointment was made between the lessor and Stegge; that thereafter Wilkerson contacted Stegge and was informed that the trip to Hollister had not been made but that Stegge would make it shortly; that Wilkerson believed that the action could be settled by mutual agreement and he therefore neglected to consult an attorney; that without further notice to him a default was entered; and that immediately upon learning of the default Wilkerson consulted an attorney. Attached to Wilkerson's affidavit was an answer to the complaint which denied that any moneys were due to plaintiff from defendant.

At the hearing on the motion to set aside the default, a motion to quash and withdraw the writ of execution was also heard. At the hearing oral testimony was adduced which reiterated the statements in the affidavit to which reference has been made.

On December 7, 1959, the court ordered that the default judgment be vacated, and Wilkerson was given leave to file his answer. On January 19, 1960, an order was made recalling the writ of execution.

A notice of appeal dated December 10, 1959, was filed. This purports to appeal from the order vacating the judgment. A second notice of appeal dated January 18, 1960,

appeals from both orders. This notice is premature as to the order quashing and recalling the writ of execution but may be considered timely under rule 2(c) of the Rules on Appeal.

The order entered on the motion to recall the writ of execution is a special order after final judgment and is appealable. (See *Montgomery* v. *Meyerstein,* 195 Cal. 37 [231 P. 730], where an appeal was heard from an order denying a request for an order to quash and recall an execution; *Macario* v. *Macario,* 208 Cal. 601 [283 P. 291].) The same is true of an order granting a motion to vacate a judgment. (3 Witkin, California Procedure, Appeal, § 25.)

The principal issue upon this appeal is whether or not the trial court abused its discretion in granting the motion to vacate the judgment.

As was stated in *Brill* v. *Fox,* 211 Cal. 739 at page 743 [297 P. 25]:

"The legal principles underlying the granting of motions to set aside defaults are comparatively simple, and have been frequently announced by this court. The question is primarily one within the discretion of the trial court, but this discretion is not capricious or arbitrary, but it is an impartial discretion guided and controlled in its exercise by fixed legal principles.

" 'It is not a mental discretion, to be exercised *ex gratia,* but a legal discretion, to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice.' (*Bailey* v. *Taaffe,* 29 Cal. 422, 424, quoted with approval in *Waite* v. *Southern Pac. Co.,* 192 Cal. 467, 470 [221 P. 204].)

It is also well settled that it is the policy of the law to bring about a trial on the merits wherever possible, so that any doubts which may exist should be resolved in favor of the application, to the end of securing a trial upon the merits."

And in *Yarbrough* v. *Yarbrough,* 144 Cal.App.2d 610, 616 [301 P.2d 426], it is said: "There can be no doubt that a trial court may find excusable neglect or surprise where settlement negotiations are being had between counsel, and where there is an oral or implied understanding that no default will be taken without notice, . . ." (See also *Romer, O'Connor & Co.* v. *Huffman,* 171 Cal.App.2d 342 [341 P.2d 62].)

Applying these well-settled principles to the instant case we are convinced that the trial court did not abuse its discretion in setting aside the default judgment. While the negotiations were carried on between the parties rather than

through counsel, we think there is no difference in principle between the situation shown by the record in this case than that in the Yarbrough case. The court could well find that the negotiations lulled Wilkerson into a sense of security. It also should be noted that only 39 days elapsed between the time summons was served and the default judgment entered. It should also be noted that only six days elapsed before relief from default was sought. Clearly Wilkerson acted promptly after the default was entered. There was no abuse of discretion on the part of the trial court.

The second question to be determined is whether the court erred in recalling and quashing the writ of execution. We are satisfied that it did not. In *Levy* v. *Drew*, 4 Cal.2d 456 [50 P.2d 435, 101 A.L.R. 1144], the court said at page 459: "It is well settled in California that when a judgment is reversed on appeal the appellant is entitled to restitution of all things taken from him under the judgment. After reversal the respondent stands in the position of a trustee of appellant of the property obtained under the judgment. . . . The same rule should apply where a judgment has been vacated by a trial court. A judgment, when vacated, cannot be effective for any purpose."

The orders appealed from are affirmed.

Van Dyke, P. J., and Peek, J., concurred.