## Domínguez como Defensor Ad Litém de Josefa Rivera v. Díaz.

Apelación procedente de la Corte de Distrito de Guayama.

No. 870.—Resuelto en diciembre 10, 1912.

Resoluciónes Inapelables—Costas—Nulidad de la Notificación del Memorandum.—Es inapelable la resolución dictada por un tribunal anulando la notificación de un *memorandum* de costas, declarando sin lugar una moción para que se elimine dicho *memorandum*, y ordenando que el caso continúe tramitándose de acuerdo con las reglas consignadas en dicha resolución.

Costas—Notificación del Memorandum—Interpretación de Ley—Notificación al Abogado y no a la Parte.—Los preceptos del artículo 339 del Código de Enjuiciamiento Civil, enmendado por ley de marzo 12, 1908, deben interpretarse en relación con el artículo 324 del mismo código, en el sentido de que la notificación de un *memorandum* de costas debe hacerse al abogado de la parte y no a la parte personalmente. *The American Railroad Company of Porto Rico* v. *La Corte Municipal*, 16 D. P. R., 239 y 247.)

Id.—Notificación del Memorandum a la Parte—Conocimiento de su Abogado.—Pero cuando como en el presente caso, se demuestra que el *memorandum* se notificó con copia a la parte condenada al pago, que la parte comunicó a sus abogados, y que estos, perfectamente enterados y antes de que se venciera el término concedido para la impugnación, comparecieron en la corte para solicitar la eliminación del *memorandum*, entonces la corte puede estimar que los fines de la ley se cumplieron aplicando por analogía el artículo 98 del Código de Enjuiciamiento Civil y resolver que el *memorandum* fué debida y suficientemente notificado.

Id.—Aprobación del Memorandum de Costas—Falta de Impugnación de la Parte Condenada al Pago.—Atendidas las circunstancias de este caso se resolvió que el tribunal sentenciador no cometió error alguno al aprobar el nuevo *memorandum* de costas, que no fué impugnado por la parte condenada al pago, y en el cual la partida relativa a honorarios de abogados fué reducida a la mitad.

Los hechos están expresados en la opinión.

El defensor *ad litem*, Celestino Domínguez Rubio, compareció personalmente.

Abogado del demandado y apelante: *Sr. Nemesio R. Canales.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

En un pleito seguido en la Corte de Distrito de Guayama por Celestino Domínguez Rubio como defensor *ad litem* de Josefa Rivera contra Ramón Pastor Díaz sobre filiación, se

presentó por la parte demandante un memorandum titulado de costas y desembolsos, firmado y jurado por el dicho Domínguez Rubio ante el secretario de la corte el 17 de enero de 1912. El 20 del mismo mes se notificó el memorandum con entrega de copia personalmente al demandado. El 25 del repetido mes uno de los abogados del demandado juró una moción que se presentó a la corte pidiendo la eliminación del memorandum por el fundamento de no haber sido notificado a los expresados abogados. Y el 2 de marzo de 1912, la corte declaró "insuficiente y nula la notificación practicada, mediante entrega de una copia de dicho memorandum al demandado Pastor Díaz personalmente, concediendo al demandante 10 días desde hoy para entregar una copia del mismo a los abogados de récord de dicho demandado," y declaró además "sin lugar la moción de éstos (los abogados del demandado) en cuanto se refiere a la eliminación de dicho memorandum, sin perjuicio de su derecho a abstenerse de comparecer, contestar o impugnar dicho memorandum, hasta que hayan transcurrido los 10 días siguientes al en que se le haya entregado la copia de aquél."

Contra esta resolución de la corte apeló el demandante haciendo constar en su escrito de apelación lo que sigue: "Esta apelación se establece sin perjuicio de que la demandante pueda cumplir con la resolución de la corte, pero haciéndolo bajo protesta del recurso que ahora se entabla."

También el demandado apeló de dicha resolución pero sólo en cuanto a aquella parte de la misma por la cual "se conceden al demandante 10 días para entregar una copia del memorandum de costas al abogado del demandado."

Así las cosas, el demandante suscribió y juró el 5 de marzo de 1912 un memorandum también titulado de costas y desembolsos, comprensivo de las mismas partidas que el suscrito y jurado el 17 de enero de 1912. Dicho memorandum se notificó con copia a uno de los abogados del demandado el 11 de marzo de 1912. El demandado no impugnó el

el memorandum y la corte lo aprobó, modificando la partida de honorarios de letrado.

Contra esta resolución, dictada el 27 de marzo de 1912, el demandado interpuso recurso de apelación que se ha tramitado conjuntamente con los que se establecieron contra la resolución de 2 de marzo de 1912.

Como puede verse, un asunto sencillo en su naturaleza, resulta confuso por la manera como se ha procedido en el mismo.

Las apelaciones interpuestas por el demandante y el demandado contra la resolución de 2 de marzo de 1912, deben desestimarse. La ley no autoriza el recurso de apelación contra una resolución de tal naturaleza. Como hemos visto, se trata de un memorandum de costas presentado después de dictada sentencia final. Los abogados del demandado pidieron que se eliminara el memorandum y la corte declaró no haber lugar a decretar la eliminación y ordenó que el caso continuara tramitándose de acuerdo con las reglas que estableció al efecto. La ley establece un procedimiento especial para la presentación, impugnación y resolución de los memorandums de costas, desembolsos y honorarios, y si la parte se consideró agraviada por la resolución de 2 de marzo de 1912, pudo excepcionarla, y, en definitiva, si la resolución final que se dictara era contraria a sus intereses, apelar de ella y en la apelación revisar completamente el caso ante esta Corte Suprema.

Estudiemos la apelación contra la orden final aprobatoria del memorandum. Por ella ha quedado sometido el caso en su totalidad a nuestra consideración y lo primero que debemos considerar es la cuestión relativa a la notificación del memorandum.

El artículo 339 del Código de Enjuiciamiento Civil, enmendado en 1908, en su párrafo 2°., dice que "a la parte condenada al pago deberá servírsele una copia de dicho memorandum por la que lo presente, pudiendo aquélla impug-

nar todas o cualquiera de sus partidas dentro de 10 días siguientes al en que se le haya entregado la copia.''

¿Debe interpretarse dicha disposición legal en el sentido de que la notificación debe hacerse al abogado de la parte y no a la parte personalmente?

Opinamos que sí, tratándose, como se trata, de un caso tramitado en una corte de distrito y en atención a lo dispuesto en el artículo 324 del Código de Enjuiciamiento Civil, a saber: ''Pero en todos los casos en que la parte estuviere representada por un abogado residente, la entrega de documentos, cuando corresponda, deberá hacerse a dicho abogado, en lugar de la parte, excepto cuando se trate de citaciones, decretos y otras órdenes de carácter personal libradas en el pleito y de la entrega de documentos presentados con motivo de desacato. Si no hubiere en el litigio abogado residente, la notificación o entrega de documentos se hará a la parte.'' (Véase el caso de *The American Railroad Company of Porto Rico* v. *La Corte Municipal*, 16 D. P. R., 239 y 247.)

La idea de la ley y de la jurisprudencia es que el abogado, director legal del litigio, debe tener conocimiento directo de todo lo que ocurre en el mismo en el momento oportuno, a fin de que pueda defender de manera eficaz a su cliente.

Ahora bien, cuando los fines de la ley se cumplen, entonces las partes no deben ampararse en meros tecnicismos para obstaculizar el ejercicio y la justa resolución de los derechos envueltos en las contiendas judiciales.

En el presente caso el memorandum se presentó en la corte y se notificó con copia a la parte condenada al pago. Esta parte lo comunicó a sus abogados y éstos comparecieron para solicitar la eliminación del memorandum antes de que venciere el término concedido para impugnarlo. Los abogados estaban, pues, perfectamente enterados, y habiéndose cumplido todo lo que la ley requiere, bien pudo la corte considerarlo así y desestimar la moción de eliminación, aplicando por analogía el principio consignado en el artículo 98

del Código de Enjuiciamiento Civil; esto es, que "la comparecencia voluntaria de un demandado es equivalente a la diligencia de su citación personal y entrega de la copia de la demanda."

Sin embargo, el juez ordenó al demandante que notificara su memorandum a los abogados del demandado, concediendo a éstos para impugnarlo 10 días contados a partir de la fecha de la notificación, y al hacerlo así es bien claro que si cometió algún error, tal error no fué en perjuicio sino en beneficio de los derechos del demandado.

La nueva notificación ordenada se hizo y el demandado dejó de comparecer y de impugnar el memorandum. Esto no obstante, la corte consideró el memorandum y redujo a la mitad la partida de honorarios de abogado que figuraba en el mismo.

En su alegato ante esta Corte Suprema el demandado apelante tampoco impugnó el memorandum, limitándose a sostener y a argumentar que la corte inferior debió eliminarlo y no tuvo poder para ordenar una nueva notificación, y a sostener simplemente que la corte cometió error al aprobar el memorandum a pesar de hallarse pendiente la apelación interpuesta contra la resolución de 2 de marzo de 1912.

Los errores alegados por el demandado y apelante no existen, de acuerdo con lo que dejamos expuesto, y, en tal virtud, los recursos establecidos contra la resolución de 2 de marzo de 1912, deben desestimarse, y el interpuesto contra la de 27 de mayo de 1912, declararse sin lugar confirmándose en todas sus partes dicha resolución apelada.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y Aldrey.

La petición sobre reconsideración de sentencia, en este caso, fué denegada con fecha de diciembre 23, 1912.