Isidora Garriga, demandante y apelada, *v.* Manuel Medina, demandado y apelante.

No. 5432.—*Sometido:* Mayo 26, 1931. *Resuelto:* Julio 28, 1931.

*José Soto Rivera,* abogado del apelante; *O. M. Wood,* abogado de la apelada.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Isidora Garriga, como heredera de Francisca Garriga,

demandó a Manuel Medina en reivindicación de una casa situada en Santurce. Contestó el demandado, por medio de su abogado Soto Rivera, negando el derecho alegado por la demandante a la casa y sosteniendo que la misma le pertenecía por haberla adquirido por compra a Modesta Colón quien a su vez la hubo en subasta pública. Alegó además que la demandante no era la única heredera de Francisca Garriga.

La demandante pidió a la corte que enmendara la declaratoria de herederos de Francisca Garriga incluyendo como heredero a su viudo Felipe Osorio. La corte resolvió de conformidad. Y entonces radicó una demanda enmendada únicamente en el sentido de figurar como demandante por su propio derecho y, además, como cesionaria de los de Felipe Osorio, con la correspondiente alegación relativa a la cesión de Osorio.

Sigue una declaración jurada que dice:

"Yo, O. M. Wood, abogado, primeramente jurado, declaro:

"Que el día dos de julio de 1929, deposité en la oficina de correos de esta Ciudad porte pagado un sobre certificado conteniendo la copia de la demanda enmendada en este caso, dirigida a Manuel Medina, el demandado a su residencia en esta ciudad en esta acción. Lo cual está demostrado por el recibo anexo.

"Que dentro de esta ciudad, existe un servicio postal de comunicación y de entrega de cartas y el certificado anexo demuestra que el dicho demandado ha recibido la carta el día tres de julio de 1929.

"Y no habiendo contestado la demanda enmendada en cualquier forma dentro del tiempo prescrito por la ley, la demandante suplica al Secretario de esta Corte que se anote la rebeldía del demandado."

Luego la parte demandante, el 1 de octubre de 1929, presentó la siguiente moción que, con lo consignado por el Secretario, se transcribe íntegra:

"Al Secretario:—Ante la Honorable Corte comparece Isidora Garriga, representada por los abogados que suscriben y como mejor en derecho fuera pide la anotación de la rebeldía del demandado Manuel Medina en esta causa basándose en los siguientes hechos:

"Que el día 13 de julio de 1929 una demanda enmendada fué no-

tificada en este caso bajo sobre certificado y desde cual tiempo el demandado no ha contestado de ninguna manera.

"Y respetuosamente solicita del Secretario de esta Corte que se señale este caso para la vista en el Calendario Especial el viernes día cuatro de octubre de mil novecientos veintinueve. San Juan, P. R., 1 de octubre, 1929. O. M. Wood, Harry B. Llenza, abogados de la demandante.

"Anotada la rebeldía de Manuel Medina.—Oct. 1, 1929. (fdo.) Luis Vergne Ortiz, Secretario. Radicado—filed—Oct. 1, 1929."

El once del propio mes de octubre compareció el abogado Soto Rivera y en una moción jurada manifestó a la corte que acababa de enterarse de que se había señalado la vista del caso en un calendario especial sobre la base de la rebeldía del demandado y que esa rebeldía estaba mal anotada pues la notificación aparecía dirigida por correo al demandado, en vez de haberse hecho a su abogado. Pidió que se dejara sin efecto la rebeldía y se le concedieran diez días para contestar la demanda enmendada.

A la moción recayó la resolución que sigue:

"Vista la moción del demandado para que se deje sin efecto la rebeldía anotada en este caso, la cual moción fué discutida en corte abierta con asistencia de los abogados de ambas partes, la Corte, por la presente y atendidas todas las circunstancias de este caso, y vista la oposición bajo juramento presentada por la demandante y jurada por el abogado de la misma, señor O. M. Wood, declara sin lugar, en todas sus partes, la moción del demandado; quedando anotada la rebeldía o todos sus efectos legales que procedan."

Solicitó reconsideración el demandado, acompañando su contestación a la demanda enmendada, en la cual vuelve a alegar que la casa en cuestión le pertenece a título de compra, y la reconsideración fué declarada sin lugar.

Celebrado el juicio en rebeldía, la demandante practicó su prueba y la corte dictó la sentencia a su favor que es objeto de esta apelación por parte del demandado. El apelante señala en su alegato la comisión de cinco errores.

La parte apelada solicitó que el recurso fuera desestimado por frívolo. Esta corte negó la desestimación. Pidió enton-

ces que se le permitiera completar el récord de la apelación. Se allanó el apelante y al récord se agregaron el escrito de oposición a la moción pidiendo que se dejara sin efecto la apertura de la rebeldía y otras constancias relativas a la apelación que para ante esta Corte Suprema interpuso el demandado de la resolución de la corte de distrito negándose a abrir la rebeldía, apelación que fué desestimada por resolución de marzo 18, 1930, que dice:

"En un caso de reivindicación en el cual no se ha dictado sentencia, una orden de la corte negándose a abrir una rebeldía anotada por el secretario de la misma, no es apelable; por tanto, se declara con lugar la moción de la apelada y se desestima la apelación."

Corregido el récord, presentó la apelada su alegato.

■ A nuestro juicio bastará la consideración del primer error para revocar la sentencia apelada y devolver el caso a la corte de su origen para que se permita al demandado archivar su contestación, continuando la tramitación del pleito de acuerdo con la ley.

Ese primer error consiste en que la sentencia en rebeldía está basada en que la demanda enmendada se notificó debidamente, cuando es lo cierto que la notificación no se hizo de acuerdo con la ley.

Dice el artículo 324 del Código de Enjuiciamiento Civil:

"Artículo 324. Cuando un demandante o demandado que hubiere comparecido, residiere fuera de la Isla de Puerto Rico y no estuviere representado por abogado residente en la misma isla, en el pleito o procedimiento, la notificación o entrega de documento podrá hacerse al secretario de la corte por él. Pero en todos los casos en que la parte estuviere representada en el pleito o procedimiento por un abogado residente, la entrega de documentos, cuando corresponda, deberá hacerse a dicho abogado, en lugar de la parte, excepto cuando se trate de citaciones, decretos y otras órdenes de carácter personal libradas en el pleito y de la entrega de documentos presentados con motivo de desacato. Si no hubiere en el litigio abogado residente la notificación o entrega de documentos se hará a la parte."

Ese precepto de ley ha sido interpretado varias veces por

esta Corte Suprema. Véanse los casos de *The American R. R. Co. of P. R.* v. *Corte Municipal de Ponce,* 16 D.P.R. 239, y *Domínguez, Defensor,* v. *Díaz,* 18 D.P.R. 986. En el curso de la opinión en el último caso se dijo:

"La idea de la ley y de la jurisprudencia es que el abogado, director legal del litigio, debe tener conocimiento directo de todo lo que ocurre en el mismo en el momento oportuno, a fin de que pueda defender de manera eficaz a su cliente."

Aquí se dejó de cumplir la ley por completo. ¿Qué explicación se da? Dice la apelada en su alegato:

"Al resolver la moción de apertura de rebeldía en la cual se levantó por primera vez la cuestión de notificación por correo, el Tribunal Inferior tuvo ante sí la moción del demandado y la oposición bajo juramento de la demandante.

"De esos documentos aparece de una manera clara y rotunda, pues ello fué admitido por la parte contraria, que la demanda enmendada se notificó al demandado personalmente y no a su abogado el Lic. José Soto Rivera, por haber éste informado al Lic. O. M. Wood, abogado de la demandante que él (el Lic. Soto Rivera) había renunciado la representación del demandado y apelante Manuel Medina.

"El Artículo 324 del Código de Enjuiciamiento Civil dispone claramente 'que si no hubiere en el litigio abogado residente, la notificación o entrega de documentos se hará a la parte'."

Es cierto que en la oposición a la moción del abogado del demandado solicitando la apertura de la rebeldía anotada, se consigna bajo juramento por el abogado Wood lo que dice en su alegato, pero las circunstancias concurrentes son tales que la apertura de la rebeldía debió ser necesariamente decretada.

Hemos transcrito íntegros el juramento del abogado Wood sobre la notificación de la demanda enmendada y su moción pidiendo la anotación de la rebeldía y el señalamiento de la vista del pleito en calendario especial. En ninguno de dichos documentos se hace constar que el demandado hubiera cesado de estar representado en el pleito por un abogado residente. Hablando por sí mismo el récord demostraba que

el demandado tenía un abogado residente y la notificación hecha a la parte carecía de base que la explicara.

No aparece que se cumpliera con la letra ni con el espíritu de las Reglas 25, 26 y 27 del Reglamento que rige en las cortes de distrito de la Isla. Dichas reglas prescriben:

"Regla 25.—El abogado que primeramente haya sido ocupado en el pleito, se considerará como el que lleva la representación en el mismo, y cuando esté presente tendrá la dirección del pleito, a menos que se haga un cambio por la parte interesada y cónste en el récord.

"Regla 26.—Un abogado de récord es aquel que ha comparecido en el pleito, y se entenderá que ha comparecido, cuando su nombre aparezca suscribiendo las alegaciones o algún convenio de las partes archivado en el pleito; y dicho abogado será considerado con derecho para continuar como tal hasta el fin del pleito, a menos que otra cosa en contrario aparezca del récord.

"Regla 27.—Ningún convenio entre los abogados o las partes tocante a algún asunto pendiente, tendrá fuerza, a menos que sea hecho por escrito, firmado y entregado con los demás documentos para que forme parte del récord; o a menos que sea hecho en Corte abierta con el mismo fin."

█ Pero aun partiendo de la base de que el abogado de récord del demandado hubiera cesado en su representación, siempre habría que concluir que la notificación no se hizo de acuerdo con la ley.

Dispone el artículo 320 del Código de Enjuiciamiento Civil:

"Artículo 320. La diligencia de una notificación o entrega de documentos deberá hacerse personalmente, a la parte o a su abogado según proceda, o podrá diligenciarse como sigue:

"       *        *        *        *        *        *        ◀

"2. Si a una de las partes, podrá practicarse la diligencia dejando la notificación o documentos en su residencia, entre las ocho de la mañana y las seis de la tarde, en poder de alguna persona de suficiente edad y discreción; y si se ignorase su dicha residencia, se cursarán por correo, bajo sobre certificado dirigido a dicha parte."

Y aquí ni el juramento ni la moción pidiendo la anotación de rebeldía permiten concluir que el demandante estuviera

justificado en prescindir de lo dispuesto en primer término por el legislador, recurriendo al correo.

■ Además, no se trataba en este caso de un verdadero emplazamiento. Ya la parte demandada había sido emplazada y había formulado su contestación, quedando así trabada la contienda. Para perfeccionar su alegación la parte demandante enmendó su demanda y notificó en la forma que conocemos al demandado su demanda enmendada. La enmienda consistió únicamente en agregar lo sucedido en cuanto al viudo de la persona de quien la demandante alegaba que había heredado la casa en cuestión, permaneciendo la demandante como la única con derecho a reivindicar. Ya el demandado había contestado y su nueva contestación en nada habría de variar. La cuestión fundamental a resolver era la misma que se planteó por las primitivas demanda y contestación, o sea: ¿quién es el dueño? ¿la demandante o el demandado? Bajo esas circunstancias ¿cómo es posible proveer en contra una moción de apertura de rebeldía presentada sólo once días después de la anotación? La regla es que los pleitos se fallen oyendo a las partes interesadas en los mismos. La rebeldía es una presunción de que la parte no quiere deliberadamente comparecer a defenderse. Y aquí todo está indicando que la parte demandada quiere comparecer como compareció a defenderse.

A virtud de todo lo expuesto, *debe revocarse la sentencia apelada y el pleito devolverse a la corte de su origen para ulteriores procedimientos no inconsistentes con esta opinión.*