WILLIAM N. GREER, demandante y apelante, *v.* RALPH
PÉREZ PERRY, demandado y apelado.

Núm. 8324.—*Sometido:* Noviembre 25, 1941.  *Resuelto:* Diciembre 8, 1941.

*Edgar S. Belaval,* abogado del apelante; *Mario Báez García,* abo-
gado del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del
tribunal.

Este recurso se ha interpuesto contra una resolución que
dejó sin efecto una sentencia y abrió la rebeldía, permitiendo
al demandado radicar su contestación.  La acción aquí esta-
blecida es la de cobro de un pagaré, alegando el demandado
bajo juramento en su contestación que la acción está pres-
crita y que la obligación ha sido extinguida mediante pago.
No es éste un caso en que el demandado no haya demostrado
su propósito de defenderse.  Por el contrario, oportuna-
mente solicitó el traslado del pleito al distrito de su residen-
cia, acompañando la moción de un escrito de excepciones pre-
vias fundadas en la prescripción y en insuficiencia de hechos
constitutivos de causa de acción, habiendo además hecho
viajes su abogado desde Mayagüez hasta San Juan para

sostener las alegaciones. La moción de traslado fué desestimada y posteriormente lo fué también la excepción previa de prescripción, mas nada se resolvió respecto a la suficiencia de la demanda, lo que alega el abogado del demandado le indujo a creer que el caso no estaba listo para contestación, a pesar de que se le concedió un término de diez días para radicarla. Expirado dicho término y no habiéndola radicado, se anotó su rebeldía registrando el secretario la correspondiente sentencia el 14 de octubre de 1940, notificádale el 15 del propio mes. Dentro de los treinta días siguientes a la notificación de la sentencia, solicitó el demandado se dejase sin efecto, se abriese la rebeldía y se le permitiese radicar su contestación. Exponiendo las razones que le movieron a ejercitar su discreción a favor del demandado, declaró en su resolución el juez inferior:

"Ninguna de las razones que aduce el demandado para explicar su rebeldía tiene el más leve asomo de mérito. Su contestación, sin embargo, expone una defensa meritoria, a saber, que el demandado pagó el importe del pagaré a su primitivo acreedor, mientras éste era su tenedor. Como quiera que el pagaré fué endosado después de su vencimiento, y es además civil y no mercantil según la demanda, la defensa de pago obligaría al demandante. Como quiera que la rebeldía del demandado obedece aparentemente al error o negligencia de su abogado, y no del propio demandado, creemos que debe dársele a éste la oportunidad de sustanciar su alegada defensa."

El apelante ataca la resolución apelada principalmente porque según él, el demandado, al tratar de excusar su negligencia, invoca un error de derecho, y que son sólo los de hecho los que justifican la apertura de una rebeldía. A ese efecto cita un buen número de casos que tienden a sostenerlo, pero es de notar que en casi todos, contrario a lo que en éste sucede, se trata de recursos contra resoluciones denegatorias de apertura de rebeldía. El propio abogado del apelante así lo comprende y honradamente admite en su alegato, página 5, que es muy difícil conseguir la revocación de una orden decretando la apertura de rebeldía, "ya que los tri-

bunales de apelación respetan en lo posible las resoluciones de las cortes inferiores que son discrecionales.'' Así es en verdad. Abierta la rebeldía, el caso puede resolverse por sus propios méritos, haciendo de ese modo cumplida justicia entre las partes sin perjudicar sus verdaderos derechos. Si fuese cierta la alegación del demandado al efecto de que ha pagado la obligación que se le cobra, ¿sería acaso justo obligarlo a pagarla otra vez porque por un error más o menos justificable de su abogado no radicase su contestación dentro del término que le concedió la corte? Si en verdad el demandado debe el pagaré que se le cobra, ¿se perjudicarían en forma alguna los derechos del demandante proporcionándole la oportunidad que él mismo debiera pedir, de probar que su reclamación es honrada y justa?

Como dijera el Juez Cardozo en su obra ''*The Nature of Judicial Process*'', pág. 100 *et seq.*, ''no debemos perder de vista la finalidad que persigue la ley y tratar de que sus reglas conduzcan a la consecución de su propósito.''

██ La cuestión no es del todo nueva en esta jurisdicción. En el caso de *Sierra* v. *P. Longo & Co.*, 45 D.P.R. 807, contrario a lo que sostiene el apelante al tratar de distinguir dicho caso, se trataba de un error de derecho. En la resolución del juez inferior, transcrita en parte en las páginas 810 a 811, se dijo:

''No tenemos duda alguna de que los defectos de la moción de traslado, así como los de la primera moción sobre apertura de rebeldía, se debieron a la inexperiencia del abogado que originalmente se hizo cargo del asunto. Decimos esto sin menospreciar a dicho abogado, pues empieza ahora la práctica de su profesión y no nos sorprende que cometa errores como todos los cometemos, y con mayor frecuencia cuando empezamos la práctica de la profesión sin tener a nuestro lado un compañero experto que guíe nuestros primeros pasos por la escabrosa senda del procedimiento.

''Bajo estas circunstancias, ¿sería justo que por los errores de procedimiento que haya cometido el abogado privemos a la parte del derecho que tiene de ser oída en su defensa?''

Y al confirmar la resolución apelada, se dijo por este tribunal:

"El caso está en la línea. El error del abogado lo sufre la parte. Ésa es la regla. De otro modo serían interminables los litigios. Pero hay casos extraordinarios en que es tan evidente el error y la cuestión envuelta tan técnica y se está tan al principio del pleito, que no dar una oportunidad de ir a los méritos, constituiría una notoria injusticia cuya comisión debe evitarse mientras sea posible."

Ésa es la regla generalmente aceptada. De la reciente monografía que aparece en 126 A.L.R. 369, tomamos los siguientes párrafos:

"Debemos llamar la atención a la regla general que sostiene que la concesión de una moción para dejar sin efecto una sentencia en rebeldía descansa en la sana discreción de la corte sentenciadora, cuya decisión no será alterada en apelación a menos que se demuestre un claro abuso de discreción. Véase 15 R.C.L., 'Judgments', pág. 720, sec. 174. También se sostiene por la misma autoridad que el negarse a dejar sin efecto una sentencia una vez demostrada una defensa meritoria y bajo condiciones justas, puede constituir un abuso de discreción revisable en apelación.

" * * * * * * *

"Es de notarse que mientras en algunos de los casos la decisión de la corte sentenciadora al rehusar abrir la rebeldía, consideradas las circunstancias del caso, ha sido revocada por constituir abuso de discreción, en ninguno de los aquí citados se ha revocado la decisión de la corte que abrió la rebeldía. A este efecto llamamos la atención a la siguiente aseveración en *Parks v. Coyne,* (1911) 156 Mo. App. 379, 137 S. W. 335, *infra:* 'Está bien establecido que la corte de apelación estará menos dispuesta a intervenir cuando la sentencia ha sido dejada sin efecto que cuando no lo ha sido. Esto es así porque cuando se deja sin efecto la sentencia, la causa se abre de nuevo y podrá todavía hacerse justicia en los méritos entre las partes. (Citas.) Si un demandado que solicita la apertura de rebeldía ha presentado una defensa meritoria, es cuestión que, aunque independiente de si se exponen o no hechos que excusen la falta de comparecencia o de contestación por el demandado, es tomada en consideración prácticamente en todos los casos y considerada en la discusión de las decisiones en cada uno de ellos."

■ Sostiene por último el apelante que en el supuesto de que un error de derecho justificase la apertura de la rebeldía, aun así procede la revocación de la resolución recurrida por ser insuficiente el *affidavit* de méritos, toda vez que no expresa que el demandado ha expuesto los hechos de su caso a un abogado y que éste le ha asegurado· que tiene una buena defensa. Bastará que digamos que quien en última instancia deberá determinar si el demandado tiene o no una buena defensa en los méritos es la corte, y ésta así lo apreció en vista de la contestación jurada por el demandado personalmente, en la que se asegura que la obligación que se reclama ha sido pagada. Siendo ello así, no era indispensable que en el affidavit de méritos se expresase que el demandado tenía una defensa en sus méritos.

*Procede por lo expuesto la desestimación del recurso y la confirmación de la resolución apelada.*