260

Manuel de Jesús, Roque, Domingo Juan y María Merce-
des Pérez Cruz, como herederos de Domingo Pérez Pro-
vecho y Juana Cruz, demandantes y apelantes, v. Ma-
nuel Fernández Martínez y Antonio Mongil Portell,
demandados y apelados.

Núm. 10396.—*Sometido:* Marzo 1, 1951. *Resuelto:* Marzo 13, 1951.

*Antonio J. Amadeo,* abogado de los apelantes; *Harry B. Llenza* y *Jorge M. Morales,* abogados, respectivamente, de los apelados.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Este pleito sobre nulidad de actuaciones judiciales, reivindicación y daños y perjuicios, se inició en el tribunal inferior el día 23 de abril de 1947. Debido a los trámites seguidos la última actuación en el mismo fué la radicación, el 5 de julio de 1949, por el demandado Manuel Fernández Martínez de una contestación a la demanda enmendada, incluyendo una contrademanda. Habiendo transcurrido más de un año sin que se hubiera hecho gestión alguna en el caso, la secretaria de la corte radicó el 10 de agosto de 1950 una moción informando a la corte dicho hecho y solicitando que a virtud de la Regla 3 de las Reglas para las Cortes de Distrito,(¹) se considerara que las partes habían abandonado el pleito y se dictara sentencia sobreseyendo y archivando el mismo, todo ello previa notificación a las partes. El mismo día la corte dictó una orden para que se notificara a las partes de la moción y concediéndoles un término de diez días después de notificadas para comparecer y alegar las razones que tuvieran para no acceder a lo solicitado por la secretaria. El 25 de agosto de 1950 los demandantes radicaron una moción solicitando se dejara sin efecto la orden dictada por los siguientes fundamentos:

"Que no habían solicitado antes señalamiento de este pleito para juicio por no tener en su poder toda la prueba que ellos estiman necesaria para acreditar las alegaciones de su demanda.

---

(¹) La Regla 3 dispone lo siguiente:

"Al llamarse el calendario en cada término regular, la Corte, *motu proprio* y previa notificación de, por lo menos, cinco días a las partes, podrá ordenar la desestimación y el archivo de todas las acciones, pleitos y procedimientos pendientes en los cuales no se hubiere hecho progreso alguno y anotádose en el récord, por un período de un año o más, debido a la negligencia de las partes; a menos que esta tardanza se justifique oportunamente a satisfacción del Tribunal."

"Que se proponen solicitar dicho señalamiento en el próximo Calendario General de este Tribunal correspondiente al 15 de sept. 1950." (²)

Señalada para vista la moción de los demandantes para el 11 de septiembre de 1950, en esa misma fecha el demandado Manuel Fernández Martínez radicó una moción solicitando se dictara sentencia sobreseyendo y archivando el caso por abandono, descuido y negligencia de los demandantes, ya que el único motivo expuesto por éstos, es decir, el no tener en su poder toda la prueba necesaria para sostener las alegaciones de la demanda, no era suficiente pues si la demanda original se había radicado el 23 de abril de 1947—o sea, 3 años y 4 meses antes—y desde dicha fecha los demandantes no tenían la prueba necesaria para sostener sus alegaciones, ello indica que el pleito fué iniciado sin causa probable, siendo abusivo que se tuviera al demandado sometido a la amenaza y coacción de este pleito durante todo ese tiempo. Alegó además que la vista del caso había estado señalada para el 27 de enero de 1949 y la misma fué suspendida a instancias de los demandantes, no obstante la oposición del demandado.

Celebrada la vista la corte dictó sentencia sobreseyendo y archivando el caso por abandono. Después de hacer una breve historia del caso la corte fundamentó su sentencia en esta forma:

"Entendemos que es frívola la razón aducida por los demandantes para que este caso no sea archivado y sobreseído. Si después de 3 años y 4 meses y medio de iniciado este pleito no tienen aún en su poder la prueba necesaria para acreditar las alegaciones de su demanda, tenemos que concluir que sería irrazonable y arbitrario consentir en que esta situación se prolongue por más tiempo. Es más, sería abusivo tener a este demandado sometido a la tortura y amenaza de este pleito bajo tales condiciones.

(²) En efecto el 5 de septiembre de 1950 los demandantes solicitaron se incluyera el caso para señalarse en el Calendario General del 15 de septiembre de 1950.

"Es de notarse además, que los demandantes tratan de atenuar su posición mediante el anuncio de 'que se proponen solicitar dicho señalamiento en el próximo calendario general de este Tribunal,' más aún cuando en el acto de la vista el abogado de los demandantes, pretendiendo prolongar más esta situación anunció al Tribunal que una de las razones adicionales que ha tenido para no señalar este caso es que no ha podido localizar a uno de los demándantes que se encuentra ausente de la Isla, anticipando así una posible suspensión del juicio de este caso.

"Hay que dar fin a los litigios. Los mismos no deben prolongarse innecesariamente y mucho menos por la propia conducta de los demandantes, o sean, los iniciadores de este pleito."

Solicitada la reconsideración y denegada ésta sin haberse considerado en sus méritos (*entertained*), los demandantes apelaron y alegan que la corte a quo erró al dictar la orden de 10 de agosto de 1950 antes de empezar el término regular del tribunal en septiembre 1ro., 1950; al abusar de su discreción al negarle a los demandantes la oportunidad de presentar este pleito en sus méritos a virtud de la Regla 60(*b*) de las de Enjuiciamiento Civil y declarar sin lugar la moción de reconsideración; al resolver la moción presentada por el demandado Manuel Fernández Martínez sin haberla incluído en calendario ni haberla notificado con cinco días de anticipación a la fecha en que fué resuelta y al haber actuado movida por pasión, prejuicio y parcialidad.

No nos detendremos a examinar los errores primero, tercero y cuarto pues consideramos que los mismos carecen de méritos. El segundo es el que, a nuestro juicio, presenta la única cuestión meritoria a resolver, es decir, si abusó de su discreción la corte inferior al negarse a dejar sin efecto la sentencia dictada al solicitarse su reconsideración a base de la Regla 60(*b*), que en lo pertinente dispone:

"Mediante moción, la corte, bajo aquellas condiciones que sean justas, podrá relevar a una parte o a su representante legal, de una sentencia, u orden dictada o acción tomada en su contra por error, inadvertencia, sorpresa o negligencia excusable. La moción deberá hacerse dentro de un término razonable, pero en nin-

gún caso después de transcurridós seis meses de haberse dictado dicha sentencia, orden o haberse tomado dicha acción.   ...."

Desde luego que la "negligencia excusable" a que se refiere la Regla 60 (*b*), supra, no podemos considerarla como equivalente a la negligencia justificada a que hace referencia la Regla 3 de las de las Cortes de Distrito, supra.   Es decir, si los demandantes no justificaron, a satisfacción de la corte a quo, su negligencia de no haber hecho diligencia alguna en el caso por más de un año, su moción de reconsideración a base de la Regla 60 (*b*), no podría ser suficiente para que la corte dejara sin efecto su sentencia, si la "negligencia excusable" alegada es la misma que sirvió de base para dictar la sentencia bajo la Regla 3.

La única justificación alegada por los demandantes para que no se dictara la sentencia bajo la Regla 3 fué, como hemos dicho, que no habían solicitado antes señalamiento del pleito para juicio por no tener en su poder toda la prueba que estimaban necesaria para sostener las alegaciones de su demanda.   Esa excusa no la consideró la corte suficiente, debido al tiempo transcurrido desde que se inició la acción.

■■■■  En la moción de reconsideración bajo la Regla 60 (b), los demandantes no se limitaron a exponer el mismo fundamento alegado anteriormente.   Por el contrario en dicha moción los demandantes detallaron todos los incidentes del caso desde que se inició, tratando de demostrar que a la dilación habida en su tramitación había contribuído no sólo el demandado Manuel Fernández Martínez al radicar distintas mociones sin méritos, sino que también la corte al retardar la resolución de las mismas. (³)   También alegan los de- ·

---

(³) Un ejemplo de esta dilación—y no es el único alegado—se expone en el hecho quinto de la moción de esta manera:

"Que en noviembre 25 de 1947, interpuso el demandado Manuel Fernández Martínez, una solicitud interesando sentencia sumaria la que fué sometida a la consideración de este Tribunal y estuvo pendiente de resolución hasta mayo 5 de 1948, en que fué desestimada, y habiendo dicho demandado solicitado reconsideración fué de nuevo sometido el caso y estuvo pendiente de resolución hasta septiembre 27 de 1948, en que se declaró sin lugar, *por no aparecer de la misma hechos nuevos que el Tribunal no tuviera ante sí al dictar su anterior resolución*."

mandantes que su abogado había estado enfermo y bajo tratamiento médico durante varios meses lo que le impidió atender a sus labores profesionales. Se acompañaron certificaciones juradas de los Dres. Luis A. Sanjurjo y Ramón M. Suárez, Jr. acreditativas de esos hechos.

Es un hecho aceptado, además, que los demandantes solicitaron se incluyera el caso para señalamiento del juicio en el calendario de septiembre 15, 1950.

Como hemos dicho, la corte a quo consideró que la moción de reconsideración carecía de méritos y la rechazó de plano con un "no ha lugar". *Cf. Marcano* v. *Marcano*, 60 D.P.R. 351, 353; *Guilhon & Barthelemy* v. *Corte*, 64 D.P.R. 303, 308-9. Empero aun cuando los demandantes titularon su moción como una de reconsideración de sentencia, expresamente alegaron en ella que la basaban en la Regla 60(*b*) de Enjuiciamiento Civil y solicitaron se dejara sin efecto la sentencia por los motivos expuestos en la misma. Posiblemente el título de la moción indujo a error a la corte inferior.

Hemos resuelto que las Reglas 60 y 61 de Enjuiciamiento Civil no han sustituído al artículo 292 del Código de Enjuiciamiento Civil que se refiere a mociones de reconsideración —*González* v. *Am. Surety Co.*, 71 D.P.R. 354 y casos citados a las págs. 358-9—en tanto en cuanto a los términos fijados en dicho artículo al ser enmendado por la Ley núm. 67 de 8 de mayo de 1937. Tampoco debe sostenerse que por el hecho de que el resultado que pueda obtenerse tanto bajo el artículo 292 como a virtud de la Regla 60(*b*) sea idéntico o similar, las cortes deban aplicar la misma norma al resolver una u otra moción. En *Gual* v. *Tribl. de Distrito*, 71 D.P.R. 305, resolvimos que las mociones de reconsideración de sentencias o resoluciones no se rigen por las Reglas de Enjuiciamiento Civil. En igual forma la moción bajo la Regla 60(*b*), supra, no debe regirse para su consideración y resolución por las normas estrictas del artículo 292 del Código de Enjuiciamiento Civil. Tan es así que una moción bajo la Regla 60 no suspende el término para apelar de la sentencia

—3 Moore's *Federal Practice* 3277—como sucede con una moción de reconsideración bajo el artículo 292 si la misma es considerada en sus méritos. *Marcano* v. *Marcano*, supra; *Guilhon & Barthelemy* v. *Corte*, supra. Además, los términos para radicar una u otra moción son distintos.

■■■ Hemos resuelto que la Regla 60(*b*), supra, debe ser interpretada liberalmente de manera que los casos sean resueltos en sus méritos y no en rebeldía. *Latoni* v. *Tribl. de Expropiaciones*, 71 D.P.R. 413 y casos y autoridad citados a la pág. 417. Si bien en el presente no se trata de una sentencia en rebeldía opinamos que a los fines de la cuestión que está ante nos el efecto de la dictada es el mismo. Bajo todas las circunstancias concurrentes creemos que la corte inferior erró al no considerar y resolver en sus méritos la moción radicada por los demandantes solicitando se dejara sin efecto la sentencia dictada ya que las alegaciones contenidas en dicha moción eran muy distintas a las razones alegadas por los demandantes en su oposición a la orden dictada por la corte bajo la Regla 3, supra.

*Debe dejarse sin efecto la sentencia y devolverse el caso para ulteriores procedimientos consistentes con esta opinión.*