LA SOCIEDAD DE GANANCIALES CONSTITUIDA POR ANTERO RIVERA FLECHA Y ROSA PÉREZ Y NORMA PINTO, peticionarios, *v.* TRIBUNAL SUPERIOR, SALA DE SAN JUAN, HON. RAMÓN CANCIO, JUEZ, demandado; HOTEL CARIBE HILTON ET AL., interventores.

*Número:* 2794      *Resuelto:* 19 de febrero de 1962

---

*P. J. Santiago Lavandero,* abogado de los peticionarios; *Rivera Zayas, Rivera Cestero & Rúa,* abogados de los interventores.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Dávila.

## SENTENCIA

Los esposos Antero Rivera Flecha y Rosa Pérez y Norma Pinto iniciaron una acción en reclamación de daños y perjuicios contra el hotel Caribe Hilton mediante demanda que se archivó en la secretaría del Tribunal Superior de San Juan, suscrita por su abogado el Lic. Pablo J. Santiago Lavandero. Al calce de la firma de dicho abogado se hizo constar la dirección postal de éste así como el número de su teléfono. En el emplazamiento expedido no se hizo constar el nombre y dirección del abogado de la parte demandante. Surge también de los autos que al diligenciarse el emplazamiento se le entregó simultáneamente una copia fiel de la demanda a la parte demandada.

Como la parte demandada no compareció a formular alegaciones, se solicitó y obtuvo la anotación de la rebeldía.

Después de haberse anotado la rebeldía, la parte demandada presentó una contestación. No la acompañó de solicitud alguna para que se reabriera la rebeldía anotada y se admitiera la contestación.(1) Dos meses después, la demandante solicitó que se tuviera por no radicada la contestación de la parte demandada y se procediera a señalar la vista del caso en rebeldía. El tribunal declaró esta moción sin lugar "ya que se anotó indebidamente la rebeldía del codemandado El Caribe Hilton Hotel por ser defectuoso el emplazamiento que se le sirvió [sic]". No indicó en qué consistía el defecto apuntado, pero, de un examen del emplazamiento obrante en los autos, surge que el expedido por el secretario cumple con las disposiciones de la Regla 4(b), con excepción de que se omitió llenar el blanco que provee el mismo para el nombre y dirección del abogado de la demandante. Expedimos auto de certiorari para revisar esta última resolución. ▪▪▪▪

El único propósito que informa la expresión en el emplazamiento del nombre y la dirección del abogado de la parte demandante es permitirle a la parte demandada la notificación de cualquier alegación o moción que intente radicar. Reglas 67.1 y 67.2 de las de Procedimiento Civil de 1958. *Cfr. Danzansky v. Zimbolist*, 105 F.2d 457 (C.C.A. D.C., 1939). En el presente caso surge claramente que se cumplió sustancialmente con el propósito indicado ya que en la copia de la demanda que se entregó personalmente a la demandada al momento del diligenciamiento aparecía claramente la información aludida. Ningún perjuicio se causó a la demandada, ya que de un examen de los autos aparece que la contestación y otras mociones y escritos subsiguientes se notificaron al abogado de los demandantes precisamente a la dirección postal que aparece al calce de su firma en la

---

(1) Aparentemente ello se debió a que la contestación se preparó en 7 de marzo de 1960 aunque se radicó tres días después. La moción sobre anotación de rebeldía se radicó el día 8 del mismo mes, y la anotación de la secretaria es de la misma fecha.

demanda. En situaciones similares no se ha anulado un emplazamiento, *McGrady* v. *Munsey Trust Co.*, 32 A.2d 106 (1943), especialmente considerando que la Regla 4.9 permite que en cualquier momento se enmiende un emplazamiento, a menos que se demuestre que ello cause perjuicio sustancial a la parte contra la cual se expidió. Véanse además, Moore, *Federal Practice*, 2ª ed., sec. 4.07, pág. 916; Barron y Holtzoff, *Federal Practice and Procedure*, Sec. 174, pág. 290; cfr. *Serrano* v. *Berdiel et al.*, 22 D.P.R. 445, 448–449 (1915). ■

Deseamos aclarar que en 22 de noviembre de 1960 la parte demandada presentó ante este Tribunal una moción que puede considerarse como una solicitud de reapertura de rebeldía. Aunque éste no es el foro apropiado para resolver en primera instancia sobre tal solicitud, adelantamos, que, consideradas todas las circunstancias concurrentes según surgen de los distintos escritos de las partes y de los autos, sería un ejercicio adecuado de discreción acceder a la reapertura de la rebeldía. En distintas ocasiones hemos expresado la conveniencia de que los pleitos se vean y resuelvan en sus méritos. Por otro lado, la tardanza en contestar en este caso no ha causado un perjuicio sustancial a la parte demandante. (*Iturriaga* v. *Fernández*, 78 D.P.R. 31 (1955); *Pérez* v. *Fernández*, 72 D.P.R. 260 (1951); *Latoni* v. *Tribunal de Expropiaciones*, 71 D.P.R. 413 (1950).)

*Se anula la resolución dictada por el Tribunal Superior, Sala de San Juan, en 22 de junio de 1960, y se devuelve el caso para ulteriores procedimientos no inconsistentes con lo aquí expuesto.*

Así lo pronunció y manda el Tribunal y firma el señor Juez Presidente.

(Fdo.) LUIS NEGRÓN FERNÁNDEZ,
*Juez Presidente.*

Certifico: (Fdo.) IGNACIO RIVERA,
*Secretario.*